**Odie V. EVANS, et al.,**
**Plaintiffs-Appellants,**

v.

**Lester TUBBE, Defendant-Appellee.**

No. 81–2072
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 15, 1981.

Emily Jones, Nacogdoches, Tex., for plaintiffs-appellants.

William A. Badders, Nacogdoches, Tex., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges:

TATE, Circuit Judge:

The plaintiffs Odie Evans and B. L. Dickerson brought this civil rights action against the defendant Lester Tubbe to obtain damages and equitable relief for Tubbe's allegedly racially-motivated refusal to allow Evans access to her property. The plaintiffs claim that Tubbe's conduct violates 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. Without stating written reasons,[1] the district court granted Tubbe's motion to dismiss for lack of subject matter jurisdiction. Tubbe's motion claimed that deposition testimony of the plaintiffs showed that the true purpose of the suit was to obtain an easement over the defendant's property—a claim allegedly cognizable only in the state district court of proper venue.

We find that the plaintiffs have raised valid federal claims and therefore vacate the order of dismissal and remand the case for further proceedings in accordance with this opinion.

■ The plaintiffs allege the following facts: The plaintiff Evans, who is black, purchased land from the plaintiff Dickerson in 1978. The only access to Evans' land is via a road that passes through land owned by Tubbe. Tubbe erected a metal gate across the road and placed a lock upon the gate, thereby preventing Evans from reaching and using her property. Tubbe gave a key to the gate to all of the white people who own property along the road, but refused to give a key to Evans. On account of Evans' race, Tubbe has threatened, intimidated, and harassed her, and she is now afraid to use and enjoy her property. In addition, Tubbe has threatened and harassed other blacks to whom Dickerson has attempted to sell property in the same vicinity.

If these alleged facts are true, Tubbe has clearly violated the plaintiffs' rights under 42 U.S.C. § 1982[2] and most arguably also

1. The district court was apparently unaware of our reminder in *Williamson v. Tucker*, 632 F.2d 579, 589 (5th Cir. 1980), *opinion withdrawn but the reminder restated*, 645 F.2d 404, 414 (5th Cir. 1981), that "it is important—and sometimes crucial—that the district court state the basis (including any factual determinations made) of a decision to dismiss for lack of subject matter jurisdiction." *See id.* 645 F.2d at 410–11 (detailed statement of reasons for such action is most helpful to the appellate court, and may be required under Fed.R.Civ.Pro. 52(a)).

2. 42 U.S.C. § 1982 states:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

To effectuate the remedial purposes of this statute, the Supreme Court has broadly construed its language "to protect not merely the enforceability of property interests acquired by black citizens but also their right to acquire *and use* property on an equal basis with white citizens". Section 1982 guarantees "the right of blacks not to have property interests impaired because of their race." *City of Memphis v. Greene*, —— U.S. ——, ——, 101 S.Ct. 1584, 1596–97, 67 L.Ed.2d 769 (1981) (emphasis added).

Section 1982 does not require any form of "state action;" it prohibits "*all* racial discrimi-

nation, private as well as public," with respect to property rights. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968); *Jennings v. Patterson*, 460 F.2d 1021, 1022 (5th Cir. 1972) (*Jennings I*), *after remand*, 488 F.2d 436, 441–42 (5th Cir. 1974) (*Jennings II*). Therefore, pursuant to § 1982, a landlord may not allow his tenants to have white visitors but not black visitors, see *Walker v. Pointer*, 304 F.Supp. 56, 61–62 (N.D. Tex. 1969), a department store detective may not stop and question black customers but not white customers, see *Battle v. Dayton-Hudson Corp.*, see 399 F.Supp. 900, 905 (D.Minn. 1975), and a swim club may not allow its members to bring white guests but not black guests, see *Olzman v. Lake Hills Swim Club, Inc.*, 495 F.2d 1333, 1338–39 (2d Cir. 1974).

Similarly, § 1982 forbids Tubbe from allowing whites but not blacks to traverse his land to obtain access to their property. This court's decision in *Jennings II, supra,* which was recently quoted with apparent approval by the Supreme Court in *City of Memphis, supra,* —— U.S. at ——, 101 S.Ct. at 1598 n.36, is directly on point. In that case, the defendants placed a barricade across a street and prohibited landowners on the other side of the barricade from using the street. All but one of the landowners so restricted were black, and the one white landowner who was affected was given an easement permitting access to the street. We held that the defendants had violated § 1982

under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*,[3] and the district court has subject matter jurisdiction to adjudicate these federal civil rights claims. *See* 28 U.S.C. § 1343(4); 42 U.S.C. §§ 3610, 3612. Tubbe does not contend otherwise.

Tubbe, however, makes a "factual" attack rather than a "facial" attack on the sufficiency of the plaintiffs' complaint, because he bases his attack on matter outside the pleadings. Unlike in a *facial* attack—where jurisdiction is determined upon the basis of the allegations of the complaint, accepted as true—when a *factual* attack is made upon federal jurisdiction, no presumptive truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist. *Wil-liamson v. Tucker,* 645 F.2d 404, 412–13 (5th Cir. 1981); *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981); 5 Wright & Miller, Federal Practice and Procedure § 1350 (1969). However, "the test for dismissal is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists." 13 Wright & Miller, *supra,* § 3564, at 428. Jurisdiction is not dependent upon whether the claim for relief is meritorious; the federal courts lack jurisdiction only if the claims are plainly frivolous or "patently without merit." *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 70–72, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978); *Baker v. Carr,* 369 U.S. 186, 199–200, 82 S.Ct. 691, 700, 7 L.Ed.2d 663 (1962); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Williamson v. Tucker, supra,* 645 F.2d at 415–16.[4]

because they had denied the black landowners "the right to hold and enjoy their property on the same basis as white citizens." 488 F.2d at 442.

3. Under the facts as alleged, the plaintiffs have stated arguably valid, federally-justiciable Fair Housing Act claims pursuant to 42 U.S.C. §§ 3604 and 3617. Section 3604(a) makes it unlawful to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin." The statutory definition of "dwelling" includes "vacant land which is offered for sale or lease for the construction or location thereon" of residential buildings. 42 U.S.C. § 3602(b).

Section 3604(a) is not limited to discriminatory practices by actual lessors and vendors of dwellings. "The Fair Housing Act prohibits not only direct discrimination but practices with racially discouraging effects." *United States v. Mitchell,* 580 F.2d 789, 791 (5th Cir. 1978) (real estate agent violated § 3604(a) by "steering" blacks to a separate section of an apartment complex).

Section 3617 provides:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. This section may be enforced by appropriate civil action.

The defendant Tubbe's alleged conduct is arguably within the prohibitions of both §§ 3604(a) and 3617.

The plaintiffs have also asserted less arguable claims under 42 U.S.C. §§ 1981 and 3604(b). We do not now decide their jurisdictional merit.

4. We reiterated in *Williamson v. Tucker,* supra, that

Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.

645 F.2d at 415 (footnote omitted), *citing Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); *Powell v. McCormack,* 395 U.S. 486, 512–16, 89 S.Ct. 1944, 1959–61, 23 L.Ed.2d 491 (1969); *Baker v. Carr,* 369 U.S. 186, 198–204, 82 S.Ct. 691, 699–

In the present instance, the specific basis of the defendant Tubbe's factual attack is that the plaintiffs' deposition testimony shows that, despite the well-pleaded federal claims, the true purpose of this federal suit is to obtain a right of ingress and egress over Tubbe's private property. Tubbe contends that this is a cause of action "inherently in rem in nature" (Def. brief at 10), one that may be properly enforced only in Texas state courts.

The plaintiffs' deposition testimony is entirely consistent with the substantive factual allegations of their complaint. Tubbe contends, however, that because both plaintiffs "admitted" in their depositions that they brought this suit to obtain an "easement" across Tubbe's land,[5] "the essence of the action is a disputed easement right ... and the alleged [federal] claim clearly appears to be immaterial and made solely for the purposes [sic] of obtaining [federal] jurisdiction so that plaintiffs need not proceed with their state court action where this subject matter properly belongs." (Id.) Because of plaintiffs' "admissions," and because "the federal courts [do not] have jurisdiction to convey a fee simple interest in property such as an easement," Tubbe asserts that the district court properly dismissed the plaintiffs' suit. (Id.) We are unable to agree.

■ In the first place, courts do not "convey" easements, they merely entertain actions that may concern the validity or not of an easement arising by express grant, by implication (as a way of necessity), by estoppel, or otherwise. 21 Texas Jur.2d *Easements* §§ 12, 55 (1961). Of course, actions arising out of alleged violations of easement rights are usually heard in state court, because they involve application of state law. However, if there is some basis for federal jurisdiction (such as diversity), federal courts are perfectly free to adjudicate state law easement claims. *See, e. g., County of Patrick, Va. v. United States*, 596 F.2d 1186 (4th Cir. 1979) (applying Virginia law); *Texas Mortgage Co. v. Phillips Petroleum Co.*, 470 F.2d 497 (5th Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1927, 36 L.Ed.2d 410 (1973) (applying Texas law); *Spool Stockyards Co. v. Chicago Rock Island & Pacific Railroad Co.*, 353 F.2d 263 (5th Cir. 1965) (applying Texas law).

In the second place, and more to the point, the plaintiffs do not here seek recognition of any property right of easement. Regardless of the language used by these plaintiffs (who are not attorneys) at their depositions, the plaintiffs in their complaint have neither claimed nor asked for recognition of an easement across Tubbe's property. Rather, the plaintiffs claim that Tubbe has violated their federally-secured civil rights and they ask for, in addition to mon-

703, 7 L.Ed.2d 663 (1962); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1945).

5. In fact, only the plaintiff Evans, in response to questions from Tubbe's attorney, testified that this suit was brought to obtain an easement. (Evans Dep. 5–6):

Q. In this case that you have filed here through your attorney you're claiming that Lester Tubbe here, in some manner is denying you rights that you have. Would you tell me what he's denying you, as far as you claim you have a right to?
A. What the claim is my rights to live or put a place where I want.
Q. Well—
A. And the use of the road.
Q. What you're—what this all is, is it not, that you are seeking or trying to cause or force Mr. Tubbe to give you a written easement across his land to get from a county

road to an acre of land that you own, is that what it's about?
A. Yes, it is.
Dickerson merely testified that Tubbe's refusal to grant an easement was what *prompted* this suit (Dickerson Dep., 16):
Q. Well, if there is a contest about whether it is a public road or a private road, then it needs to be established whether you have a right to an easement?
A. Yes.
Q. All right. And that's what we have here is a dispute of whether that is a private road or not that goes across Lester Tubbe's, isn't it?
A. Well—
Q. As you said, you wanted him to give you an easement across it, he refused, and that prompted this action that you've got filed over here in Federal Court isn't it?
A. Well, yes.

ey damages and declaratory relief, a permanent injunction enjoining Tubbe from denying Evans and other blacks the right to access to and use of the property "in the same manner that such access to and use of property is granted to white citizens by the Defendant."[6] In other words, all the plaintiffs ask for as far as injunctive relief is concerned is that Tubbe be compelled not to discriminate against Evans and other blacks. An injunction of this nature would not prohibit Tubbe from closing the road to all, black and white alike. (In contrast, if the plaintiffs were to obtain recognition in a Texas state court or other tribunal of an easement from Tubbe by operation of Texas real property law, they would have the right to traverse Tubbe's property without regard to Tubbe's actions with respect to others.)

■ The plaintiffs' federal claims are thus independent of any state property law claim they might have. Human rights secured by the federal constitution and laws are always a proper subject for adjudication, and federal courts do not have the right to decline exercise of their jurisdiction simply because the rights asserted may be adjudicated in some other forum. *Moreno v. Henckel,* 431 F.2d 1299, 1309 (5th Cir. 1970).[7]

The plaintiffs Evans and Dickerson have raised non-frivolous federal civil rights claims. There is not the slightest intimation that they are raising spurious federal claims in order to obtain federal jurisdiction over any state law easement claim. At most, the plaintiffs' lay "admissions" testimony illustrates only that these non-lawyers misunderstood the legal term of art, "easement." Such a misunderstanding does not provide a ground for dismissal of their suit with its well-pleaded allegations showing federal jurisdiction, corroborated by

their deposition testimony to the same effect. *(Of course, we express no opinion on the factual merits.)*

Accordingly, the district court's order dismissing the suit must be VACATED, and the case must be REMANDED to the district court for further proceedings in accordance with this opinion.

VACATED AND REMANDED.

---

6. The plaintiffs also ask that Tubbe be restrained from "maintaining a continuing course of discrimination against Plaintiffs on the basis of race and/or color" and from "denying Plaintiff Dickerson the right to full and equal enjoyment of the facilities, privileges, advantages, and the right to sell, convey, use, and enjoy his property without regard to race and/or color."

7. If the plaintiffs prevail in their state court easement claim, injunctive relief in this federal action would presumably no longer be necessary, but the federal claims would not be rendered moot. The plaintiffs would still have a claim for damages accrued during the period of deprivation. *Johnson v. American Credit Co.,* 581 F.2d 526, 530 (5th Cir. 1978).