**LOCAL 624, INTERNATIONAL UNION OF OPERATING ENGINEERS, Plaintiff,**

v.

**William R. BYRD, Defendant.**

**Civ. A. No. S86–0625(G).**

United States District Court, S.D. Mississippi, S.D.

July 9, 1986.

John L. Maxey, Jackson, Miss., for plaintiff.

Chester D. Nicholson, Gulfport, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on Defendant's Motion to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and for sanctions, including attorney's fees, pursuant to Rule 11. The Court, after having reviewed the pleadings and having considered the briefs submitted by counsel, now makes the following Findings of Fact and Conclusions of Law.

## I. FINDINGS OF FACT

The Plaintiff herein is a labor organization engaged in representing employees for the purpose of collective bargaining within the contemplation of the National Labor Relations Act, 29 U.S.C. Sections 151, et seq. The Defendant, William R. Byrd, is an adult resident citizen of Harrison County, Mississippi, who formerly served as the business manager and financial secretary of the Local. In January, 1985, the International Union imposed a trusteeship over Local 624 and displaced the Defendant from his positions of business manager and financial secretary. The Union filed the instant complaint against the Defendant on May 14, 1986, invoking federal court jurisdiction pursuant to the Labor Management and Reporting Disclosure Act of 1959, 29 U.S.C. Section 501, et seq., and 28 U.S.C. Section 1337. The Complaint alleges, inter alia, that the Defendant converted union funds, made unauthorized expenditures, etc., in violation of his fiduciary obligations.

## II. CONCLUSIONS OF LAW

Defendant's Motion to dismiss is premised upon the Local's alleged lack of standing to bring suit under 29 U.S.C. Section 501. Defendant submits that this statute was enacted specifically to give union members a remedy when the union refused to take action against an officer, agent, or other representative alleged to have breached a fiduciary duty with regard to the membership.

The labor organization, on the other hand, asserts that it has authority under the statute and should be given the first opportunity to institute suit in this Court to bring its officers to account for violation of their fiduciary duties. Plaintiff argues that it would be pointless to require as a prerequisite to bringing suit that an individual member first request the labor organization to sue and then not provide jurisdiction over a suit by the organization so that it might comply with that request.

As the Court in *Filippini v. Austin*, 106 F.R.D. 425 (C.D.Cal.1985) recog-

nized, there is a division of authority on the issue of standing of unions to sue under 29 U.S.C. Section 501(b). On its face, Section 501(b) only gives standing—subject to certain conditions precedent—to union members, not unions themselves. Any conferral upon labor unions of a federal cause of action against union employees or officers is possible only through implication. This Court is of the opinion that the better reasoned judicial position is that which declines to imply such standing to unions. *See Truck Drivers, Warehousemen and Helpers v. Baker*, 473 F.Supp. 1120 (M.D. Fla.1979). Plaintiff herein is not thereby deprived of a remedy as it may seek relief in state court under common law. The Court's decision on this issue, moreover, is consistent with the well-established principle that statutes which extend the jurisdiction of federal courts must be strictly construed. *Baker, Id.* at 1124.

Plaintiff's complaint also cites 28 U.S.C. Section 1337 as affording subject matter jurisdiction for the instant action. Although Section 1337 does grant a district court "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . .", this is but a general jurisdictional statute which, like 28 U.S.C. Section 1331, is dependent upon an action "arising under" federal law before a district court's jurisdiction may be deemed granted. *Yancoskie v. Delaware River Port Authority*, 528 F.2d 722 (C.A. N.J.1975); *Hofmayer v. Dean Witter & Co., Inc.*, 459 F.Supp. 733 (D.C.Cal.1978). In view of the Court's above ruling concerning Plaintiff's lack of standing under 29 U.S.C. Section 501, the Court determines that Section 1337 does not provide an alternate basis for jurisdiction.

■ Defendant herein has also moved for the imposition of sanctions for expenses incurred by it in connection with the urging of its Motion to dismiss. Given the Court's previous acknowledgement of the division of authority relative to the merits of Defendant's Motion to dismiss, the Court finds that the jurisdictional basis asserted in the instant Complaint was, under the circumstances, reasonably grounded in fact or law. Accordingly, it is the Courts' opinion that the imposition of sanctions under Rule 11 is not warranted.

In sum, the Court concludes that the Plaintiff does not have standing to sue under 29 U.S.C. Section 501 and that 28 U.S.C. Section 1337 also does not confer subject matter jurisdiction over the instant Complaint. Further, Defendant is not entitled to sanctions under Rule 11. An Order consistent with this Memorandum Opinion shall be entered by the Court.