**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL–CIO, et al., Plaintiffs,**

v.

**Roy FREEMAN, et al., Defendants.**

No. 87 C 6896.

United States District Court, N.D. Illinois, E.D.

Feb. 9, 1988.

Stephen Horwitz, Jacobs, Burns, Sugerman & Orlove, Chicago, Ill., for plaintiffs.

Richard Tupper, Cornfield & Feldman, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO (the "International"), Charles W. Jones ("Jones"), as president of the International, and Michael Wood ("Wood"), as trustee of Local Lodge No. 1255 (the "Local"), filed this complaint against the defendants, former officers of the Local, alleging that the defendants have breached the terms of the International's constitution (the "Constitution") in violation of sec. 301 of the Labor–Management Relations Act (the "LMRA"), 29 U.S. C. sec. 185, and refused to obey the terms of a trusteeship in violation of sec. 501(a) of the Labor–Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. sec. 501(a).

The defendants have moved to dismiss the complaint contending that we lack subject matter jurisdiction over both claims. For the reasons set forth below, we deny the defendants' motion with respect to the plaintiffs' sec. 301 claim, but we grant it as to their sec. 501 claim.

## I. FACTS

The relevant facts for purposes of the pending motion. are not complex.[1] In the summer of 1986, the defendants engaged in a number of activities which the plaintiffs believed violated the Constitution and the Local's by-laws. Among the accusations against the defendants are that they: (1) misapplied the Local's assets; (2) were derelict in their duties; (3) disrupted collective bargaining agreement negotiations; and (4) attempted to disaffiliate the Local from the International (apparently in order to affiliate with another labor organization).

After getting wind of these improprieties, Jones, pursuant to Article XVIII of the Constitution, ordered an investigation into the defendants' conduct. The investigation established that there existed an emergency imminently threatening the Local's "welfare, funds and property." Accordingly, Jones, once again pursuant to the power conferred on him by Article XVIII, imposed an emergency trusteeship on the Local, and appointed Wood as trustee. The order imposing the trusteeship provided in part that the officers of the Local were:

> directed to cooperate fully with * * * Trustee Michael Wood and to take actions necessary to transfer all books, records, assets, funds and property of [the] Local * * * into the control of * * * Trustee Wood.

Complaint, par. 10.

On May 12, 1987, the International's Executive Council ratified the trusteeship and ordered that it be perpetuated "until all violations of the * * * Constitution and other applicable laws [are] rectified." Par. 12. The defendants, however, allegedly refused to comply with the order and continued their effort to undermine the International's authority. Against this backdrop, the plaintiffs filed this action against the defendants, seeking declaratory and injunctive relief.

## II. DISCUSSION

### A. Jurisdiction Under Section 301(a) of the LMRA

■ Section 301(a) of the LMRA provides that: "Suits for violation of contracts *between* * * * labor organizations [ ] may be brought in any district court of the United States having jurisdiction of the parties * * *." 29 U.S.C. sec. 185(a) (emphasis supplied). The defendants contend that the term "between" refers to the word "Suits", and thus limits federal jurisdiction to actions *between labor organizations.* Because the defendants are individuals and not a labor organization, they argue that we lack subject matter jurisdiction over this claim. We disagree.

Although it is true that individuals may not be held liable for money damages under the LMRA, *see,* 29 U.S.C. sec. 185(b), individuals are subject to liability on claims for equitable relief. *See Gordon v. Winpisinger,* 581 F.Supp. 234, 240 (E.D.N.Y. 1984); *Frenza v. Sheet Metal Workers' International Ass'n,* 567 F.Supp. 580, 584 (E.D.Mich.1983). In this case, the plaintiffs seek only equitable relief against the defendants. Therefore, we possess subject matter jurisdiction over this claim.

### B. Jurisdiction Under Section 501(b) of the LMRDA

■ The defendants also assert that we lack jurisdiction over the plaintiffs' sec. 501 claim. Section 501(b) provides in part (emphasis supplied):

> When any officer, agent, shop steward, or representative of any labor organiza-

---

**1.** Because the defendants' motion attacks the sufficiency of the plaintiffs' allegations relating to subject matter jurisdiction (rather than the substance of those allegations), we must construe them "favorably to the pleader", *Scheuer v.*

*Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). However, "argumentative inferences favorable to the pleader will not be drawn." 5 Wright and Miller, *Federal Practice and Procedure* sec. 1350 at 551 (1969).

tion is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such *member* may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization.

The term "member":

includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization.

29 U.S.C. sec. 402(*o*).

As we read it, sec. 501(b) authorizes *only* members to sue allegedly malfeasant labor organization officers, stewards, or representatives; and only after that member has requested his labor organization to sue and the labor organization refuses or fails to do so.² It does not authorize a labor organization to sue. Thus, the claim which the

International presses here does not arise under sec. 501.

The International concedes that it is not expressly entitled to sue under sec. 501(b); but it contends that "Congress obviously anticipated that a labor organization would be able to bring an action for a breach of the federal fiduciary duty created by [sec.] 501(a) by the very language employed, which looks to a union as the guardian of first resort." Plaintiffs' Mem. at 11. Not so. The plain language of sec. 501(b) leaves no doubt that only members are authorized to sue. Thus, in order to accept the International's argument, we would be forced to do considerable violence to sec. 501(b)'s language, and we will not do so.³

The International also advances a result-oriented reason for accepting its position: if unions cannot sue under sec. 501(b), then they will be "relegated exclusively to state law remedies in the event individual union members * * * fail to initiate action under [sec.] 501." Plaintiffs' Mem. at 12. True though it may be, we do not believe that this reason is sufficient warrant for us to ignore the plain language of the statute. Congress may have been forgetful, but the federal court is not, in our view, the proper institution to amend legislative enactments.⁴ *See* Easterbrook, *Legal Interpretation and the Power of the Judiciary,* 7 Harv.J.L. & Pub. Pol'y 87, 88, 94–99 (1984).

---

**2.** One *could* argue that a labor organization is included within the definition of "member" based on the fact that the term "person" (which is utilized in the definition of "member") includes labor organizations. See 29 U.S.C. sec. 402(d). Such a reading, however, would wholly ignore the limiting language that a member is a "person *who has fulfilled the requirements for membership in such organization.*" Here there can be no question that the International is not a "member" of the Local; nor is Wood or Jones.

**3.** Accordingly, we do not think that a right of action may be "implied" under sec. 501(b) on behalf of labor organizations.

**4.** The plaintiffs cite *Brac v. Orr,* 95 L.R.R.M. 2701 (E.D.Tenn. May 18, 1977), as support for their position. In *Orr,* the court held that an implied right of action authorizing a union to sue existed under sec. 501(b) because "it would seem pointless to require as a prerequisite to his bringing suit that an individual member first request the labor organization to sue and then not provide jurisdiction over a suit by the organization so it might comply with the request." *Id.* at 2702. We do not believe that it is "pointless" to apply a statute as written. In our view, *Orr* represents an unjustified assumption of judicial power. There is more at stake than simply allowing certain entities to avoid statutory obstacles in order to get into federal court. Judicial power is the issue.

Even assuming that Congress *should* have authorized labor organizations to sue under sec. 501(b), it in no way follows that we should rectify its oversight. We do not sit as a body empowered to assume whatever jurisdiction we deem necessary to achieve justice in disputes that we believe require our guidance. Our power is limited; and if the delicate balance among the separate branches of government is to be maintained, we must remain within our limited role.

While we could dismiss the plaintiffs' sec. 501 claim because they lack "standing" to assert it, we think that it is more appropriate to dismiss it because no right of action in a labor organization's favor "arises under" sec. 501. Several cases have disposed of similar sec. 501 actions on standing grounds. *See, e.g., Stanton v. Shields,* 101 L.R.R.M. 3034 (N.D.Cal. Jul. 20, 1979); *Operating Engineers v. Byrd,* 659 F.Supp. 274 (S.D.Miss.1986). The question of standing focuses on whether "a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club v. Morton,* 405 U.S. 727, 731, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). Here, it is undisputed that the International has a sufficient stake in the outcome of this action. Indeed, under sec. 501(b) (which is analogous to a shareholder's derivative action, *see Filippini v. Austin,* 106 F.R.D. 425, 429 (C.D.Cal.1985)), the union (like the corporation in a shareholder's derivative suit) is the injured party and the beneficiary of the action. Thus, it seems awkward to rest our holding on the doctrine of standing, especially when an alternative route is available.

Because sec. 501(b) does not create a right of action in favor of a labor organization, we do not believe that this cause of action "arises under" sec. 501(b). In short, although a labor organization may suffer an injury that is cognizable under Article III of the United States Constitution, Congress did not confer jurisdiction on the federal district courts to adjudicate such disputes, and we may not assume it simply because we deem it appropriate.[5] *In re Chicago Rock Island and Pacific Railroad Co.,* 794 F.2d 1182, 1186 (7th Cir. 1986).

Finally, we hold that 28 U.S.C. sec. 1337, which confers jurisdiction on the district courts over "any civil action * * * *arising under* any Act of Congress regulating commerce" (encompassing the LMRDA) does not confer jurisdiction over the plaintiffs' sec. 501 claim. Section 1337 is a general jurisdictional statute (like 28 U.S.C. sec. 1331) which is itself dependent upon an action "arising under" a separate federal law before a district court's jurisdiction is proper. Since the plaintiffs' claim does not arise under sec. 501, sec. 1337 cannot provide a jurisdictional basis for their sec. 501 claim.

### III. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is DENIED as to the plaintiffs' section 301 claim, but GRANTED as to the plaintiffs' section 501 claim.

---

**5.** The International also suggests "that the Seventh Circuit [has] accepted the underlying premise that the *union qua union* could assert a [sec.] 501 action against union officers * * * *" in *Trustees of Plasterers' Pension Fund v. Journeymen Plasters' Local Union,* 794 F.2d 1217 (7th Cir.1986). This decision, however, cannot fairly be read to support this proposition. In *Journeymen,* the plaintiffs sued the Local to compel the payment of monies allegedly owed to the pension fund. The Local's *defense* was that the pension fund was illegal because the union officials breached their fiduciary duties under sec. 501*(a)* when they adopted it. Here, on the other hand, the plaintiffs seek to utilize sec. 501*(b)* to obtain affirmative relief. Whereas the plaintiffs in this case have employed sec. 501(b) as a right of action, the Local in *Journeymen* did not. It is only the former which is impermissible, and that is the situation presented here.