**LOCAL 443, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Plaintiff,**

v.

**Vincent S. PISANO, Defendant.**

**Civ. No. N–90–129(WWE).**

United States District Court, D. Connecticut.

Jan. 4, 1991.

John Creane, Milford, Conn. and Susan Martin, Sipser, Weinstock, Harper & Dorn, New York City, for plaintiff.

David Grudberg, Ira Grudberg, and Steven Ecker, Jacobs Grudberg, Belt and Dow, New Haven, Conn., for defendant.

## RULING ON MOTION TO DISMISS

EGINTON, District Judge.

Plaintiff Local 443 ("Local 443") is an affiliated local union of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("IBT"). Plaintiff brought this suit against Vincent S. Pisano ("Pisano"), a former officer of plaintiff who served as Secretary–Treasurer, its chief executive officer, from 1981 through June 25, 1987. Plaintiff asserts three causes of action against defendant. Local 443 alleges that Pisano is liable to it for money damages pursuant to the Labor Management Reporting and Disclosure Act of 1959, as amended ("LMRDA") § 501, 29 U.S.C. § 501 and under the Labor Management Relations Act of 1947, as amended ("LMRA") § 301, 29 U.S.C. § 185 for improper payments made to a former officer. Plaintiff also asserts that by breaching the Local Bylaws and International Constitution, which constitute common law contracts between IBT, Local 443 and their members, Pisano is liable for common law breach of contract.

## FACTS

On or about June 27, 1986 defendant was indicted in the United States District Court for the District of Connecticut in a criminal action in which he was charged with obstruction of justice, embezzlement from employee benefit plans and engaging in racketeering activities. On or about May 13, 1987, defendant was found guilty of violating 18 U.S.C. § 664. Defendant was sentenced to a term of imprisonment and barred from holding union office. As a result of this sentence, defendant resigned his position as union officer. Upon his resignation defendant was paid $33,600.00 severance pay and $10,087.13 for unused vacation time. In addition, upon leaving office, defendant took a car which had recently been purchased by Local 443 for $40,393.00.

After determining that these actions were improper, the Executive Board of Local 443 sent a letter to defendant dated February 19, 1990, demanding that he repay the Local for the automobile, the severance pay and the vacation pay. To date, defendant has refused to repay the Local. Plaintiff then commenced the instant action.

Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, the court finds that it lacks subject matter jurisdiction and therefore defendant's motion will be granted.

## DISCUSSION

Federal courts are courts of limited jurisdiction. "A party may question the existence of subject matter jurisdiction at any time during the proceedings." *Building Material and Dump Truck Drivers, Local 420 v. Traweek*, 867 F.2d 500, 505 (9th

Cir.1989); Fed.R.Civ.P. 12(h)(3). When federal subject matter jurisdiction does not exist the court must dismiss the claim.

### A. Jurisdiction Pursuant to Section 501(b)

This court was confronted with almost precisely the same issues in *Local 191 v. Rossetti*, Civ. No. B–90–74 (WWE), slip op. 1990 WL 128241 (D.Conn., August 23, 1990).[1] In ruling on the motion to dismiss in that case, this court narrowly construed the scope of subject matter jurisdiction under § 501(b) finding that "the federal policy of noninterference in the internal affairs of unions and labor matters" suggested that this section should be narrowly construed. *Id.* at 3 citing *Building Material and Dump Truck Drivers, Local 420*, 867 F.2d at 506.

■ This court found that although a union member may bring suit against a union official in federal court under § 501, a union itself is not permitted to bring such an action. *Local 191 v. Rossetti*, slip op. at 3. As noted in that ruling, § 501 requires that the union member first request that the union, in state court or pursuant to another federal statute, sue the union official suspected of wrongdoing before the member is permitted to bring suit under § 501. *See Coleman v. Brotherhood of Railway and Steamship Clerks*, 340 F.2d 206 (2d Cir.1965). This provision does not permit a *union* to sue its officials in federal court. *International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO v. Freeman*, 683 F.Supp. 1190, 1192 (N.D.Ill. 1988) ("The plain language of § 501(b) leaves no doubt that only [union] members are authorized to sue.").

### B. Federal Court Jurisdiction Pursuant to Section 185

■■ · Pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, federal courts have jurisdiction over suits brought by a union for disputes involving constitutions, contracts, or collective bargaining agreements. *See Building Material and Dump*

*Truck Drivers, Local 420*, 867 F.2d at 507–508; *United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry v. Local 334*, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1980). In addition, courts have found that for jurisdiction to exist under § 185, the dispute should potentially have a significant impact on labor management relations or industrial peace. *See United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry v. Local 334*, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1980). Federal jurisdiction under § 185 does not extend to intra-union disputes. *Brown v. American Arbitration Association*, 717 F.Supp. 195, 198–99 (S.D.N.Y. 1989). As this court noted in *Local 191 v. Rossetti*, slip op. at 4, unions are rarely permitted to sue individuals. When such suits have been permitted they have involved only claims of equitable relief. *International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO*, 683 F.Supp. at 1191.

■ As in *Rossetti*, the instant case involves a suit by a local against one of its officers, and is not a claim for a breach of union constitution or a contract between an employer or between two unions. Nor does this claim concern a collective bargaining agreement. Thus, plaintiff does not state a claim that is cognizable in federal court pursuant to § 185. *Building Material and Dump Truck Drivers, Local 420 v. Traweek*, 867 F.2d at 500. Furthermore, since the claim involves an intra-union dispute and the plaintiff seeks money damages rather than equitable relief, the court lacks jurisdiction to entertain this action. *Brown v. American Arbitration Association*, 717 F.Supp. at 198–99.

### C. Breach of Contract Claims

Since the court lacks subject matter jurisdiction over Counts I and II of the complaint, Count III, which is a common law claim, must also be dismissed.

---

**1.** An appeal of this court's ruling is currently pending before the Second Circuit.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss the complaint for lack of subject matter jurisdiction is hereby GRANTED in its entirety. The Clerk is directed to dismiss this action and close this case in accordance with this ruling.