**OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA, AFL–CIO, et al., Plaintiffs,**

v.

**James E. BENJAMIN, Defendant.**

**No. S91–293M.**

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 30, 1991.

Barry A. Macey, Indianapolis, Ind., Robert J. Henry, Charles W. Gilligan, Washington, D.C., for plaintiffs.

Charles L. Berger, Evansville, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on defendant James Benjamin's motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction. The plaintiffs, an international union and its affiliated local, seek equitable relief and money damages against James Benjamin for alleged acts of misconduct he committed while he was an official of the local union. The union claims this court has jurisdiction over this action under Section 501 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the general jurisdictional grant of 28 U.S.C. § 1337, and the doctrine of pendent jurisdiction with regard to several state common law claims. Mr. Benjamin claims that neither § 501 of the LMRDA nor § 301 of the LMRA provides subject matter jurisdiction for a union's suit against an individual union member. Mr. Benjamin further claims that without an independent jurisdictional base, the court lacks jurisdiction under 28 U.S.C. § 1337 and also lacks jurisdiction over the unions' pendent state law claims. The court heard argument on the motion on October 29, 1992.

For the following reasons, the court finds that Mr. Benjamin's motion to dismiss must be denied. Although § 501 of the LMRDA provides no jurisdiction for these claims, the court finds ample jurisdictional authority under 28 U.S.C. § 1337, § 301 of the LMRA, and 28 U.S.C. § 1367.

### I.

The plaintiffs are the Operative Plasterers and Cement Masons International Association of the United States and Canada, AFL–CIO ("OPCMIA"), and affiliated Local Union No. 101 ("Local 101"), located in

South Bend, Indiana. Mr. Benjamin served as the Local 101's chief executive officer for nearly twenty years until he resigned from that position on or about June 13, 1991.

The complaint alleges that from May 1 through June 13, 1991, Mr. Benjamin breached his oath of office and fiduciary duty by, among other things, trying to solicit the mass resignation of Local 101's membership, encouraging Local 101 contractors to disregard their collective bargaining obligations and assign work to a rival union, discouraging Local 101 members from paying their dues, using confidential property and information of Local 101 on behalf of the rival union, and misrepresenting to both union members and contractors that the OPCMIA was preparing to merge with another labor organization.

In response to this alleged course of conduct, the OPCMIA ordered Local 101 placed into trusteeship on June 13, 1991, in accordance with the terms of Article XIII of its international constitution, and ordered Mr. Benjamin to turn over to the appointed Trustee all Local 101 property in his possession. The complaint alleges that Mr. Benjamin failed to comply with this order, retaining in his possession certain Local 101 property and using that property to the detriment of Local 101 and for the benefit of a rival union.

The plaintiffs seek equitable relief and monetary damages from Mr. Benjamin. They allege that the court has jurisdiction to hear its claims for equitable relief under § 501 of the LMRDA (29 U.S.C. § 501), § 301 of the LMRA (29 U.S.C. § 185), and 28 U.S.C. § 1337. The plaintiffs seek the return of union property currently in Mr. Benjamin's possession and an order enjoining Mr. Benjamin from using the property to Local 101's detriment. They also claim monetary damages for Mr. Benjamin's alleged breaches of contract and tortious acts, and allege the court has jurisdiction over these state law causes of action as claims pendent to the federal causes of action.

## II.

■ Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that fail to bring an actionable claim within the subject matter jurisdiction of the federal courts. The party asserting jurisdiction bears the burden of demonstrating that he has alleged a claim under federal law and that claim is not frivolous. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Evans v. Tubbe*, 657 F.2d 661 (5th Cir.1981); *Fuehrer v. Owens–Corning Fiberglas Corp.*, 673 F.Supp. 1150 (D.Conn.1986); *Cospito v. Califano*, 89 F.R.D. 374 (D.N.J.1981).

■ Under the notice pleading of the Federal Rules of Civil Procedure, a complaint must include allegations respecting all material elements of all claims asserted, including elements establishing federal jurisdiction. Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985); *Sutliff, Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir.1984). Ordinarily, then, a motion to dismiss for want of subject matter jurisdiction may take the form of a facial attack on the complaint. *Evans v. Tubbe*, 657 F.2d at 664; *Claxton v. Small Business Administration of the U.S. Government*, 525 F.Supp. 777 (S.D.Ga.1981).

■ A district court may, however, consider other materials in the evidentiary record outside of the pleadings in determining the nature of the jurisdictional facts. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183 (5th Cir.1986); *Enka B.V. of Arnhem, Holland v. E.I. Du Pont De Nemours & Co.*, 519 F.Supp. 356 (D.Del.1981); *Dangerfield v. Bachman Foods, Inc.*, 515 F.Supp. 1383 (D.N.D.1981). In this circuit, the non-moving party must respond to a motion to dismiss for want of subject matter jurisdiction with affidavits or other relevant evidence to resolve the factual dispute regarding the court's jurisdiction. *Kontos v. United States Dept. of Labor*, 826 F.2d 573 (7th Cir.1987); *see also Bowyer v. United States*, 875 F.2d 632, 635 (7th Cir. 1989), *cert. denied*, 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990); *Crawford v.*

*United States,* 796 F.2d 924, 928–29 (7th Cir.1986). The court will consider Mr. Benjamin's motion with the above standards in mind.

### III.

#### A. *Jurisdiction under § 501(b) of the LMRDA*

■ Mr. Benjamin first claims that the court lacks jurisdiction to hear the plaintiffs' claim under § 501 of the LMRDA, which provides in relevant part:

> [T]he officers, agents, shop stewards, and other representatives of a labor organization occupy a position of trust in relation to such organization and its members as a group. It is therefore the duty of each such person ... to refrain from dealing with such organization as an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization....

29 U.S.C. § 501(a). The plaintiffs claim that Mr. Benjamin's actions violated the duty of loyalty to the union set forth in § 501(a).

Mr. Benjamin claims that this court lacks jurisdiction to hear a claim brought by a union against an individual union official under § 501 of the LMRDA because § 501(b) does not contemplate a suit by a union for breach of duty by an official, but, rather, only permits suits in federal court by individual union members after the union has refused to sue.

Section 501(b) provides that:

> When any officer ... of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization ... refuse[s] or fail[s] to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer ... in any district court of the United States.

29 U.S.C. § 501(b). Thus, Congress explicitly gave union members a right to sue union officers in federal court for breaches of the duties described in § 501(a) upon the fulfillment of certain conditions. The statute is silent, however, as to whether a union may bring a federal suit against a union official. According to Mr. Benjamin, this silence precludes a union's suit under § 501.

Mr. Benjamin places primary reliance on the Ninth Circuit's decision in *Building Material and Dump Truck Drivers Local 420 v. Traweek,* 867 F.2d 500 (9th Cir.1989), which held that the plain language of § 501(b) gives a federal cause of action only to individual union members and does not contemplate a suit brought by a union. The court noted that its construction of the statute was consistent with the general principle that the scope of federal jurisdictional statutes should be narrowly construed. Several district courts also have relied on the statute's plain language to find that § 501(b) did not give a union the right to sue an individual union member in federal district court. *See Int'l Brotherhood of Boilermakers, etc. v. Freeman,* 683 F.Supp. 1190 (N.D.Ill.1988); *Local 443, Int'l Brotherhood of Teamsters v. Pisano,* 753 F.Supp. 434 (D.Conn.1991).

The plaintiffs claim that Mr. Benjamin's reading of the statute contradicts the policies underlying § 501. The enforcement scheme embodied in § 501(b) contemplates that a union is the appropriate party to bring suit to remedy fiduciary breaches by its officers. Therefore, the plaintiffs argue, it defies logic and congressional intent to allow individual union members to sue in federal court while relegating a union pursuing the same cause to state court. Other federal courts have adopted this reasoning and have exercised jurisdiction over claims brought by unions under § 501. *See Brotherhood of Railway Clerks v. Orr,* 95 L.R.R.M. 2701 (E.D.Tenn.1977) (court held that § 501(b) gave it jurisdiction to hear a suit brought by a union against one of its officers); *Weaver v. United Mine Workers of America,* 492 F.2d 580 (D.C.Cir.1973) (allowing defendant union to realign as plaintiff in federal court suit would further congressional intent that unions prosecute

claims for breach of fiduciary duty against union officials).

The Supreme Court recently noted the inconsistent holdings as to whether a union can bring suit in federal court under § 501, but the Court refused to resolve the conflict. The Court noted that the language of § 501 contemplated that a union could bring suit against its officers in some forum without expressly providing for an independent basis for jurisdiction. *Guidry v. Sheet Metal Workers National Pension Fund,* 493 U.S. 365, 374 n. 16, 110 S.Ct. 680, 686 n. 16, 107 L.Ed.2d 782 (1990).

All parties acknowledge that none of the decisions mentioned above bind this court. However, the plaintiffs claim that allowing suit by a union under § 501(b) is in accordance with the remedial nature of § 501 as it has been interpreted by the Court of Appeals for the Seventh Circuit:

> The Section, as we see it, was a direct and far-reaching response to the mischief exposed and dramatized by the McClellan Committee. That mischief was the misuse of union funds and property by union officials in its every manifestation. Thus the reach of Section 501 extends to every area in which subversion of the interests of the union membership may be accomplished by union officials or representatives bent on acting in culpable derogation of those interests.

*Hood v. Barbers,* 454 F.2d 1347, 1354 (7th Cir.1972). The *Hood* court held that § 501 granted federal jurisdiction over a suit brought by union members against the managers of a union run pension plan. At issue in *Hood* was whether the pension fund committee consisted of "officers, agents, shop stewards, and other representatives of a labor organization" as defined in § 501(a) such that the committee was amenable to suit under § 501(b).

The plaintiffs ask for a considerably broader reading of § 501(b) than the *Hood* court gave the statute. In *Hood,* the issue before the court was whether the defendants fell within the ambiguous definition of "officers, agents" or "other representatives of a labor organization". Under a broad reading of the plain language of the statute, managers of a union created pension fund that had been appointed by the union fall within the definition of "officers, agents, or other representatives".

In contrast, to establish jurisdiction in this case, the plaintiffs would have the court imply from silence a union's right to sue under § 501(b). The statute's plain language only confers a right to sue in federal court to union individuals. Although it might make sense to allow unions to sue in federal court under § 501(b), the statute simply doesn't provide for it. Consistent with the principle that the scope of federal jurisdictional statutes should be construed narrowly, *see Traweek,* 867 F.2d at 507, the court holds that under the plain language of the statute, § 501(b) does not give unions the right to sue union officials for a breach of the duties outlined in § 501(a).

## B. Jurisdiction Under § 501(a) of the LMRDA and 28 U.S.C. § 1337

Although § 501(b) of the LMRDA provides no jurisdiction over the plaintiffs' claim under § 501(a), the broad jurisdictional grant of 28 U.S.C. § 1337 is sufficient to give the court jurisdiction over the plaintiffs' § 501 claim. Under 28 U.S.C. § 1337, the federal courts "have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce." "The LMRDA is an 'act of Congress regulating commerce' within the meaning of § 1337." *Bachowski v. Brennan,* 502 F.2d 79, 83 (3rd Cir.1974).

Mr. Benjamin argues that without the independent jurisdictional basis of § 501(b) of the LMRDA, 28 U.S.C. § 1337 does not in and of itself confer jurisdiction upon a federal court to hear this claim. This argument is only partially correct.

Although § 1337 confers jurisdiction, it does not in and of itself create a cause of action. *Colorado Labor Council, AFL–CIO, et al. v. AFL–CIO, et al.,* 481 F.2d 396 (10th Cir.1973). Therefore, the proper inquiry is not whether some independent jurisdictional basis exists apart from § 1337, but whether the plaintiffs assert a

cause of action "arising under federal law".

The plaintiff unions assert that Mr. Benjamin violated his fiduciary duty to the union under § 501(a) of the LMRDA. Section 501(a) establishes that union officers "occupy a position of trust in relation to such *organization* and its *members as a group.*" (Emphasis added). It specifically states that it is "the duty of each such person ... to hold its money and property solely for the benefit of the *organization and its members* ... and to refrain from dealing with such *organization* as an adverse party." (Emphasis added). The duty of union officials created by § 501(a) clearly inures in the union's favor. A suit by a union for breach of the duty created in its favor by a federal law "arises under" federal law as defined by 28 U.S.C. § 1337.

Courts have recognized that 28 U.S.C. § 1337 provides a basis for jurisdiction in cases asserting claims based on § 501, as well as other sections of the LMRDA. In *Brotherhood of Railway Clerks v. Orr,* 95 L.R.R.M. 2701 (E.D.Tenn.1977), the court found that 28 U.S.C. § 1337 provided jurisdiction to hear a union's claim arising under § 501. In *Bachowski v. Brennan,* 502 F.2d at 83, the court held that 28 U.S.C. § 1337 gave the district court jurisdiction over a suit brought by a union member to compel the Secretary of Labor to bring an action under Section 402 of the LMRDA, 29 U.S.C. § 482(b), to set aside a union election. The court found that the union member's cause of action arose under the LMRDA and grounded jurisdiction under 28 U.S.C. § 1337 despite the absence of any provision of the LMRDA itself giving the union member a right to sue the Secretary in federal district court.

That § 501(b) fails to mention explicitly a union's right to sue in federal court is not fatal to jurisdiction under 28 U.S.C. § 1337 over a union's claim for a breach of duty under § 501(a). The plaintiffs' cause of action arises not under § 501(b), but under § 501(a). Section 501(b) neither allows nor forecloses suits by unions in federal court under § 501(a). Moreover, § 501(b) recognizes that § 501(a) creates a cause of action

in favor of a union in that § 501(b) only authorizes suit by an individual after the union refuses or fails to sue or obtain other appropriate relief. *See Guidry v. Sheet Metal Workers National Pension Fund,* 493 U.S. at 374 n. 16, 110 S.Ct. at 686 n. 16.

Properly read, § 501(a) creates a cause of action in favor of labor organizations against officials who breach their duties to the organization. Standing alone, it only creates a cause of action and confers no federal jurisdiction over this cause of action in and of itself. No more is necessary, however, for the court to exert jurisdiction under 28 U.S.C. § 1337. Section 501 creates a cause of action; 28 U.S.C. § 1337 gives the court jurisdiction to hear that cause of action.

Section 501(b) is properly read as both creating a cause of action on behalf of individual members and limiting federal court jurisdiction over suits by individual members. Hence, nothing in the provisions of § 501(b) effect a union's right to sue in federal court under § 501(a). Section 501(a) makes clear that, in most instances, an action against a union official for a breach of duty belongs to the union not the individual union members. Section 501(a) only creates a duty to the organization and its members as a group. Therefore, without the operation of § 501(b), individual members would not have a cause of action based on a breach of duty under § 501(a).

Section 501(b) allows individual members to assert the union's cause of action under § 501(a) in certain limited circumstances and allows those suits to be brought in federal court. The plain language of § 501(b) demonstrates that its purpose is to limit jurisdiction over suits by individuals, not to foreclose federal jurisdiction over suits by unions.

This interpretation is consistent with congressional intent in enacting § 501(b): "In conditioning the availability of a derivative action under Section 501 on the refusal of a union to bring the action itself, Congress expressed its preference that the union prosecute a claim for breach of fiduciary duty against union officials." *Weaver v. United Mine Workers of America,* 492

F.2d 580, 586–87 (D.C.Cir.1973). To allow union members to sue in federal court while foreclosing suit by unions would create perverse incentives whereby unions would "refuse" to bring suit upon an appropriate demand by one of its members for the sole purpose of manufacturing federal jurisdiction. Such a regime contradicts the expressed Congressional preference that unions, rather than individuals, bring suits under § 501.

The court recognizes that this holding might be in partial conflict with the holding of another district court in this circuit. In *Int'l Brotherhood of Boilermakers, etc. v. Freeman*, 683 F.Supp. 1190, the district court for the Northern District of Illinois, after recognizing that § 501(b) did not provide an independent basis for jurisdiction over a suit by a union under § 501, held without explanation that 28 U.S.C. § 1337 did not confer jurisdiction over a plaintiff union's "section 501 claim" because the plaintiff's claim "did not arise under section 501." The court's opinion does not make clear whether the plaintiff asserted its cause of action solely under § 501(b) or if it also asserted a cause of action under § 501(a). For the reasons discussed above, the court agrees with the decision in *Freeman* to the extent it holds that § 501(b) creates no cause of action in a union's favor, but disagrees to the extent it holds that no provision of § 501 creates a cause of action sufficient to confer jurisdiction under 28 U.S.C. § 1337.

In holding that § 501(a) creates a cause of action in favor of the union sufficient to confer jurisdiction under 28 U.S.C. § 1337, the court furthers congressional intent as expressed in the whole of § 501 and avoids the illogical result whereby a union must bring its claims in state court even though an individual asserting the same claim on the union's behalf, propelled by the union's refusal to bring the claim, could sue in federal court. Moreover, this result is reached without "doing violence" to the language of § 501(b). *Cf. Freeman*, 683 F.Supp. at 1192 (allowing union to sue under § 501(b) would do "considerable violence to sec. 501(b)'s language").

## C. Jurisdiction under § 301 of the LMRA

■ The plaintiffs also allege this court has subject matter jurisdiction under § 301(a) of the LMRA, 29 U.S.C. § 185, to hear their claim against Mr. Benjamin for breach of the OPCMIA Constitution. Mr. Benjamin claims that by its terms, the statute only applies to suits between labor organizations; therefore, § 301(a) does not provide jurisdiction over suits against individual union members.

Section 301(a) of the LMRA provides that "[s]uits for violation of contracts between labor organizations may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). The Supreme Court has held that a union constitution is a contract for purposes of § 301. *United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Industry v. Local 334*, 452 U.S. 615, 621, 101 S.Ct. 2546, 2550, 69 L.Ed.2d 280 (1981).

■ Section 301(a) is to be construed liberally both as a grant of subject matter jurisdiction and as an authorization to develop a body of federal common law to provide the substantive rules for resolving labor disputes. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). "Legislative history makes clear that the basic purpose of § 301(a) was not to limit, but to expand, the availability of forums for the enforcement of contracts made by labor organizations." *Dowd Box Co. v. Courtney*, 368 U.S. 502, 508–509, 82 S.Ct. 519, 523, 7 L.Ed.2d 483 (1962).

Despite the Supreme Court's admonition that § 301(a) is to be interpreted liberally, jurisdiction under § 301 is not without limits, particularly in suits against individual members. *See Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981). Section 301(b) provides that any money judgment against a labor organization shall be enforceable only against the organization as an entity and against its assets, and shall not be enforce-

able against any individual member or his assets. 29 U.S.C. § 185(b).

Courts have interpreted § 301(b) to preclude suits for money damages, but to allow suits for injunctive relief against union officials. The Seventh Circuit has allowed international unions to pursue § 301(a) claims in order to enforce terms of a trusteeship against a local affiliate and its former officers. *Int'l Brotherhood of Boilermakers v. Local Lodge 714,* 845 F.2d 687 (7th Cir.1988) (court allowed international union to sue for injunctive relief against local union and its former officers to enforce a trusteeship); *Int'l Union Allied Industrial Workers v. Local Union,* 693 F.2d 666 (7th Cir.1982) (court allowed suit by international union against local and two of its officers for injunctive relief).

The Northern District of Illinois exercised jurisdiction under § 301 in a case analogous to the one at bar. In *Freeman,* the international union placed a trusteeship over the local union and then brought suit against former union officials to enforce the terms of the trusteeship. 683 F.Supp. at 1191. The district court, while refusing to exercise jurisdiction under § 501 of the LMRDA and 28 U.S.C. § 1337, nevertheless held that the court had jurisdiction to hear the international union's § 301 claim against its former officers because the claim sought only injunctive relief.

Mr. Benjamin argues that the foregoing cases, with the exception of *Freeman,* are distinguishable from his case, because in each of those cases the international union brought suit against both the local union and its officials under § 301. In contrast, Local 101 is a plaintiff and Mr. Benjamin is the sole defendant; hence, this case is not a suit for violation of contracts between labor organizations of the type covered in § 301.

Mr. Benjamin recognizes that the court's decision in *Freeman* is squarely against his position, but argues that *Freeman* was wrongly decided. He asks that the court rely on the Ninth Circuit's decision in *Traweek,* 867 F.2d 500, which held that a district court lacked subject matter jurisdiction under § 301 over a suit brought by an international union and its local affiliate against two former union officials of the local affiliate. In *Traweek,* a local union and the international union filed suit under § 301 against two former officers to recover union funds that were dispersed without appropriate authorization from the local board. The Ninth Circuit found that the legislative history behind §§ 301(a) and 301(b) demonstrated a congressional intent to shield individual union members from liability. *Traweek,* 867 F.2d at 508.

The plaintiffs claim that if interpreted narrowly, *Traweek* does not foreclose jurisdiction in this case. The *Traweek* court did not state whether its decision turned on the nature of the relief sought. *See Traweek,* 867 F.2d at 508. To the extent the plaintiffs in *Traweek* sought a money judgment, 867 F.2d at 505, *Traweek* does not necessarily call into question cases holding that equitable relief may be sought against individual union officials.

*Traweek* is further distinguishable in that the action in *Traweek* was brought by the local union on its own behalf, and not by a local union under the trusteeship of the international union. Hence, *Traweek* involved the type of internal local union dispute not covered by § 301. Despite the local union's appearance as a plaintiff, this case ostensibly involves a dispute between the international union and the former leader of a local affiliate whose actions prompted the international union to place the local union in trusteeship. The suit aims to enforce the terms of this trusteeship against former local official James Benjamin.

Mr. Benjamin notes that although the plaintiffs seek to sue him as a union official rather than as a member, he was no longer an official when sued, having resigned a fortnight earlier. This distinction is unpersuasive; the conduct for which he is sued arose from his role as an official, not as a mere member. Former officials were sued under § 301 in *Local Lodge 714* and *Freeman.*

Thus, the claims alleged by the plaintiffs are of the type previously heard by courts in this circuit under § 301 of the LMRA. *See, e.g., Int'l Brotherhood of Boilermak-*

*ers v. Local Lodge 714*, 845 F.2d 687; *Free-man*, 683 F.Supp. 1190. Accordingly, the court concludes that it has jurisdiction over the plaintiffs' § 301 claim to the extent that it seeks injunctive relief, but holds that it has no jurisdiction over claims for money damages brought pursuant to § 301.

### D.  Supplemental Jurisdiction

■ Because the court has jurisdiction over this cause pursuant to both 28 U.S.C. § 1337 and § 301 of the LMRA, the court has jurisdiction over the plaintiffs' state law claims for damages pursuant to the doctrine of supplemental jurisdiction as codified in 28 U.S.C. § 1367(a). The plaintiffs' complaint alleged jurisdiction based on the doctrine of pendent jurisdiction. 28 U.S.C. § 1367 codifies the case law doctrines of "ancillary" and "pendent" jurisdiction under the name "supplemental" jurisdiction. 28 U.S.C. § 1367 applies to all actions filed after December 1, 1990, and hence is applicable to this action.

### IV.

For the reasons stated above, the defendant's motion to dismiss is DENIED.

Pursuant to Fed.R.Civ.P. 16(b), after conference with counsel during the hearing on the motion to dismiss, the court now ORDERS that any amendments to the complaint shall be accomplished by November 13, 1991; that the defendant shall file his answer by November 26, 1991; that all discovery shall be completed by June 30, 1992; and that any dispositive motions shall be filed by July 30, 1992. Pursuant to Fed.R.Civ.P. 16(b), this scheduling order shall not be modified except for good cause shown.

SO ORDERED.