**LINDA W., et al., Plaintiffs,**

v.

**INDIANA DEPARTMENT OF EDUCATION, et al., Defendants.**

**No. 3:94–CV–268RM.**

United States District Court, N.D. Indiana, South Bend Division.

March 27, 1996.

Margie Best, Chicago, IL, for Linda W., Erik W. and Steven V.D., plaintiffs.

Rebecca Bowman, Kathryn Symmes Kirk, Indiana Attorney General, Indianapolis, IN, for Kevin McDowell, Indiana Department of Education, Cynthia Dewes, Raymond Quist, William Hendrickson and Indiana Board of Special Education Appeals.

Robert T. Sanders, III, Matthew A. Yeakey, Daniels Sanders Pianowski, Elkhart, IN, Margaret Bannon Miller, Bose McKinney and Evans, Indianapolis, IN, Thomas E. Wheeler, II, Kightlinger and Gray, Indianapolis, IN, Peter D. Gordon, Los Angeles, CA, for Stella Batagiannis, Mishawaka–Penn–Harris–Madison Joint Services and Board of Education of School City of Mishawaka.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion of all the defendants[1] to either dismiss for want of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), or for summary judgment pursuant to Fed.R.Civ.P. 56. The plaintiffs have filed a motion to strike the defendants' opening brief, arguing that its exceeded the 25–page limit imposed by the local rules without first seeking leave of court. Since the brief otherwise complied with the local rules governing briefs in excess of 25 pages, and because the defendants filed a belated motion for leave, the court grants the defendants' belated motion for leave to file an oversize brief and denies the plaintiffs' motion to strike. For the reasons stated in this memorandum and order, the court denies the defendants' motion for either a dismissal or for summary judgment.

Linda W., Eric W. and Steven V.D. bring this suit under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.

(the "IDEA"), contending, among other things, that the individual education program provided for their son,[2] Ryan V.D., is legally inadequate. Ryan has dyslexia. The plaintiffs seek review of several administrative decisions, and request compensation for their expenses incurred for Ryan's education and for attorneys' fees. Before bringing this suit, the parties engaged in an extensive administrative process, including two hearings and two appeals to the Indiana Board of Special Education Appeals. In this motion, the defendants contend, apparently for the first time, that this suit should not have been brought, either in this court or in the administrative proceedings, against defendants Mishawaka–Penn–Harris–Madison Joint Services ("MPHM Joint Services") and the Board of Education of School City of Mishawaka ("Mishawaka School City"), since Ryan's "legal settlement," as Indiana law defines that term, is not within the confines of Mishawaka School City. Because this is so, the defendants claim: (1) the court lacks subject matter jurisdiction over the case; and/or (2) summary judgment is warranted.

The defendants' theory as to why the court should either dismiss the cause or award summary judgment relies solely upon the contention that the defendants owe no duty to Ryan under applicable Indiana law and therefore cannot be sued under the IDEA. Under the defendants' view of the facts, Ryan lives with his mother and stepfather 75% of the time, while living with his father only 25% of the time.[3] Ryan's mother and stepfather reside within the boundaries of the South Bend School Corporation, while his father lives within the boundaries of Mishawaka School City. The IDEA requires school corporations to provide for the edu-

---

1. Defendants Mishawaka–Penn–Harris–Madison Joint Services and Board of Education of School City of Mishawaka filed the motion and supporting briefs. The other remaining defendant, the Indiana Department of Education, has joined in the motion and all of its supporting briefs.

2. Ryan's natural parents, Linda W. and Steven V.D., are now divorced. Both Linda W. and Steven V.D. have remarried; Ryan's stepfather, Eric W., is a plaintiff, but his stepmother, Linda V.D., is not.

3. Since Ryan now attends a private school in Massachusetts, he lives with neither parent for a large portion of his time. Nevertheless, the parties agree that this is irrelevant, and instead focus on where Ryan had been living in the few years preceding this litigation. The plaintiffs contend that Ryan had to spend more time with his mother for remedial educational purposes in light of the inadequacy of the programs offered by the Mishawaka schools; for the reasons set forth in this memorandum, the court need not resolve the reasons why Ryan spent more time with his mother than with his father.

cation of only those children "residing within the jurisdiction of the local educational agency of the intermediate educational unit." 20 U.S.C. § 1414(a)(1)(A). Thus, the defendants claim that Ryan has sued the wrong party,

### 1. Motion to Dismiss

■ Under Fed.R.Civ.P. 12(b)(1), the court may dismiss claims that fail to bring a claim within the subject matter jurisdiction of the federal courts. "The party asserting jurisdiction bears the burden of demonstrating that he has alleged a claim under federal law and that the claim is not frivolous." *Operative Plasterers & Cement Masons v. Benjamin*, 776 F.Supp. 1360, 1363 (N.D.Ind. 1991). The defendants contend that the court has no subject matter jurisdiction over this cause because the plaintiffs have sued the wrong school corporation; the defendants argue that since Ryan resides within the confines of the South Bend School Corporation, his suit should be brought against that school corporation instead of Mishawaka School City (or MPHM Joint Services).

■ The defendants' motion misses its mark. The plaintiffs brought this case under the authority of 20 U.S.C. § 1415(c) as a result of decisions made by the Indiana Board of Special Education Appeals, which in turn was reviewing the decisions of the independent hearing officers stemming from two hearings held under the authority of 20 U.S.C. § 1415(b). Thus, subject matter jurisdiction exists in this court under the authority of 20 U.S.C. § 1415(e)(2), which explicitly creates jurisdiction in the federal district court over a claim brought by "any party aggrieved by the findings and decision under [20 U.S.C. § 1415(c) ]." The plaintiffs brought this claim under § 1415(e)(2) as "part[ies] aggrieved by the findings and decision[s]" under the administrative proceedings, and thus, regardless of whether Ryan's legal settlement is within the confines of Mishawaka School City, the defendants have

no valid objection to this court's subject matter jurisdiction. Accordingly, the motion for dismissal for lack of subject matter jurisdiction is denied.

### 2. Motion for Summary Judgment

■ Since the defendants contend that the plaintiffs have no colorable claim against them, their motion is more properly brought as a motion for summary judgment.

A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. Summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent.

The parties cannot rest on mere allegations in the pleadings, or upon conclusory allegations in affidavits. The court must construe the facts as favorably to the nonmoving party as the record will permit, and draw any permissible inferences from the materials before it in favor of the nonmoving party, as long as the inferences are reasonable. The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law.

*Conery v. Bath Assocs.*, 803 F.Supp. 1388, 1392–93 (N.D.Ind.1992) (citations omitted).

The defendants' theory supporting their summary judgment motion is the same as that used to support the dismissal motion: that the plaintiffs have no claim against the defendants since Ryan's legal settlement is not within Mishawaka School City.[4] Even when accepting as true the defendants' own view of the facts, and thus assuming that

---

**4.** As noted, the Indiana Department of Education did not file its own motion, but rather joined in the motion as brought by the other defendants. Since the Indiana Department of Education arguably would be a proper defendant regardless of whether the plaintiffs have properly sued the other defendants, this argument offers no basis for summary judgment for the Indiana Department of Education.

Ryan lives with his father only 25% of the time, the defendants' theory does not support summary judgment.

The IDEA requires school corporations to provide for the education of only those children "residing within the jurisdiction of the local educational agency of the intermediate educational unit." 20 U.S.C. § 1414(a)(1)(A). The parties agree that the IDEA leaves the determination of a student's residency to state law. At first blush, Indiana appears to mirror the simple residency language of the IDEA, because IND. CODE § 20-1-6-14(a), which designates which school corporations will be responsible for the education of children covered under the IDEA, provides that "[t]he school corporation *in which a child with a disability resides* is primarily responsible for providing the child with a disability with an appropriate special education program." (emphasis added). Since IND.CODE § 20-8.1-6.1-1(e) provides that "[f]or the purposes of calculating the amount of state distribution of money to any school corporation, a student is a resident of a school corporation if the student's legal settlement is in its attendance area," the parties appear to agree that the ultimate determination of where a student "resides" for purposes of the IDEA is governed in Indiana by where his "legal settlement" is.

IND.CODE § 20-8.1-6.1-1, which sets forth the applicable standards for determining a student's legal settlement, states in part:

(a) The legal settlement of a student shall be governed by the following provisions:

(1) If the student is under eighteen (18) years of age, or is over that age but is not emancipated, the legal settlement of the student is in the attendance area of the school corporation where the student's parents reside.

(2) Where the student's mother and father, in a situation otherwise covered in subdivision (1), are divorced or separated, the legal settlement of the student is the school corporation whose attendance area contains the residence of the parent with whom the student is living, in the following situations:

(A) Where no court order has been made establishing the custody of the student.

(B) Where both parents have agreed on the parent or person with whom the student shall live.

Since this portion of the statute bases legal settlement on the residency of the parents, the statute defines the term as follows:

(b) The words "residence", "resides", or other comparable language when used in this chapter with respect to legal settlement ... means a permanent and principal habitation which a person uses for a home for a fixed or indefinite period, at which the person remains when not called elsewhere for work, studies, recreation, or other temporary or special purpose. These terms are not synonymous with legal domicile. Where a court order grants a person custody of a student, the residence of the student is where that person resides.

IND.CODE § 20-8.1-6.1-1(b).

The defendants contend that, based on this statute's application, "Ryan is not and was not a resident of the School City of Mishawaka since at least 1991 since his legal settlement, as that term is defined under Indiana law, is with his natural mother, Linda [W.]", but the defendants offer no analysis of the statute to support their conclusion. Analysis of the statute leads to another conclusion. The logical starting point in this analysis is subsection (a)(1): "If the student is under eighteen (18) years of age, or is over that age but is not emancipated, the legal settlement of the student is in the attendance area of the school corporation where the student's parents reside." If this provision stood alone, the necessary conclusion would be that Ryan's legal settlement is in both Mishawaka School City and South Bend School Corporation, since a parent resides in each of those two school corporations.

Subsection (a)(2) adds additional provisions with respect to situations where the student's parents are divorced: "Where the student's mother and father, in a situation otherwise covered in subdivision (1), are divorced or

separated, the legal settlement of the student is the school corporation whose attendance area contains the residence of the parent with whom the student is living, in the following situations: (A) Where no court order has been made establishing the custody of the student. (B) Where both parents have agreed on the parent or person with whom the student shall live." Ryan's situation is "otherwise covered by subdivision (1)" since he is under 18 years of age, so his legal settlement would be with the parent with whom he "is living" in one of the two enumerated situations.[5] The defendants offer no analysis of Ryan's situation with respect to the statute, and offer no theory as to whether either of the enumerated situations apply in this case. Ryan's case does not fall within the first provision of "where no court order has been made establishing the custody of the student," since a court order has granted Ryan's natural parents joint custody. The plaintiffs contend that the second provision, "where both parents have agreed on the parent or person with whom the student shall live," applies since Ryan's natural parents have agreed that Ryan will (and does) live with his father, Steven V.D. This might have offered a quick end to the analysis, but the plaintiffs offered no evidentiary support for this contention.

■ The court is left with the conclusion that neither subsection (a)(2)(A) or (a)(2)(B) applies in Ryan's case, and the analysis thus returns to subsection (a)(1):[6] "the legal settlement of the student is in the attendance area of the school corporation where the student's parents reside." Although Ryan's parents are divorced and living separately, this subsection would appear to suggest that Ryan's legal settlement lies in both school corporations where his parents reside. Further, subsection (b), which defines the words "residence," and "resides," explicitly states

that "where a court order grants a person custody of a student, the residence of the student is where that person resides." The court notes that, with the exception of subsections (a)(4) and (a)(6), which apply only if the student is still a minor but married and living with his spouse or if the student is emancipated, the student's residence is not an issue in determining where that student's legal settlement is located. Nevertheless, the clear implication of the language is that if a court grants a person custody of a student, the student is deemed to reside, or live, with that person. Ryan's parents have been granted joint custody of Ryan by a court order, so (unless further facts come to light) Ryan is deemed to be living with both parents (which indeed he is), and his legal settlement is located in the two school corporations in which his parents reside.

Although this may be an awkward reading of the statute, it is the only logical way to interpret the statute, which does not explicitly address a situation in which the student lives at the homes of two parents with joint custody.[7] Since the determination of legal settlement issues in Indiana is accomplished administratively, *see e.g.* IND.CODE §§ 20–8.1–5–5 and 20–8.1–6.1–10, little case law exists interpreting IND.CODE § 20–8.1–6.1–1, and the court has found no case law addressing these issues. The court has found, and the defendants have cited, no case in which the legal settlement issue turned on which parent was legally entitled to claim the student as a dependent for federal income tax purposes.

Therefore, the defendants have not carried their burden on summary judgment of demonstrating that they are "entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *see also Conery v. Bath Assoc.,* 803 F.Supp. at 1392. Summary judgment is inappropri-

---

5. The statute sets forth a third situation in which subsection (a)(2) would apply, but since it deals solely with abandonment of the student by a parent that had been granted custody, neither party argues it has any applicability here.

6. The statute also contains several other subsections, (a)(3)–(a)(7), which do not apply to this case and warrant no discussion.

7. The court's interpretation of the statute is also supported by the defendants' own view of the facts, because by all accounts Ryan lives with his father in Mishawaka at least 25% of the time. The statute could, but does not, deem a student to live with the parent with whom he lives the majority of the time. Absent such an explicit exception, however, the court considers its conclusion to be the most logical interpretation of the statute.

ate since Ryan's legal settlement is, for the purposes of these proceedings, properly within the confines of Mishawaka School City.

### 3. Conclusion

Therefore, for the reasons stated in this memorandum and order, the court:

(1) DENIES the defendants' motion to dismiss (entry # 39–1);

(2) DENIES the defendants' motion for summary judgment (entry # 39–2);

(3) DENIES the plaintiffs' motion to strike the defendants' opening brief (entry # 50); and

(4) GRANTS the defendants' motion to file an oversize brief (entry # 59).

SO ORDERED.