Meredith T. RICHARDSON et al.

v.

NATIONAL POST OFFICE MAIL
HANDLERS, etc., et al.

Civ. A. No. 76–0540–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 8, 1977.

See also, D.C., 442 F.Supp. 189.

Thomas J. Manley, Richmond, Va., for
plaintiffs.

Phillis Payne, Washington, D. C., Alvin
Fox, Newport News, Va., Robert P. Geary,
Richmond, Va., for defendants.

## ORDER

WARRINER, District Judge.

This matter is before the Court on the
following motions: (1) plaintiff's motion of
27 June 1977 to amend the complaint; (2)
plaintiff's motion of 29 June 1977 for re-
newal of its motion for partial summary
judgment; and (3) defendants' motion of 22
July 1977 for a protective order.

In plaintiff's motion to amend his com-
plaint, plaintiff argues that he merely
wishes to add an additional statutory juris-
dictional basis for the substantive acts com-
plained of in the original complaint. He
says that such an amended complaint
should relate back to the date of the origi-
nal complaint and should be "freely grant-
ed." Plaintiff argues that violations of the
union constitution and the failure to pro-
vide information to the membership upon
matters which members must decide, such
as elections, dues increases, mergers and
constitutional changes, violate 29 U.S.C.
§ 501(a).[1]

---

1. Section 501(a) provides in part:

The officers . . . and other representa-
tives of a labor organization occupy positions
of trust in relation to such organization and its
members as a group. It is, therefore, the duty
of each such person, taking into account the

special problems and functions of a labor or-
ganization, to hold its money and property
solely for the benefit of the organization and its
members and to manage, invest, and expend
the same in accordance with its constitution
and bylaws and any resolutions of the govern-

The essential issue before this Court is whether allegations of the sort made by plaintiff state a claim under Section 501. Although the Fourth Circuit has not ruled on the scope of Section 501, those few circuits which have are not in harmony with one another.

Two expressly and one impliedly have held, as plaintiff points out, that Section 501 imposes fiduciary responsibility in its broadest application and is not confined in its scope to the handling of union money and union property by union officials.

■ The earliest Circuit Court decision is *Johnson v. Nelson*, 325 F.2d 646, 651 (8th Cir. 1963). In *Johnson* the court made a thorough analysis of the legislative history of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq*, of which Section 501 is a part, and in rejecting the narrow interpretation of Section 501 asserted here by the union stated the following:

> The courts have with consistency refused to accede to the contention that § 501 is designed for the single purpose of establishing responsibility on the part of officers and other representatives in relation to the handling and managing of fiscal matters of the labor organization. Quite to the contrary, indication is clearly present in the reported cases that § 501 should receive a broad and liberal interpretation and application. [325 F.2d at 650].

Ten years later the Eighth Circuit re-examined the holding in *Johnson*. In adhering to *Johnson* the Court concluded that the broader view of fiduciaries' responsibilities is correct based on congressional intent and the explicit language of Section 501. *Pignotti v. Local # 3 Sheet Metal Workers' Int. Ass'n*, 477 F.2d 825, 832–35 (8th Cir. 1973), *cert. denied*, 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973).

The broad-scope interpretation of Section 501 as enunciated by *Johnson* has also been adopted by the Third Circuit. In *Antal v. Budzanoski*, 320 F.Supp. 161, 164 (W.D.Pa. 1970), the district court dismissed an action brought under Section 501 on the ground that the remedy was available only in actions dealing with money or property of a labor organization. On appeal the Court of Appeals found that the complaint did state a cause of action dealing with the holding and expenditure of union funds. But the Court explicitly agreed with the broader interpretation found in *Johnson* and disapproved of the district court's narrow interpretation of Section 501. *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1250–1251 (3rd Cir. 1972), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972).

The District of Columbia Circuit has indicated by implication that it has adopted the broad scope view of Section 501. *Cefalo v. Moffett*, 146 U.S.App.D.C. 117, 122, 449 F.2d 1193, 1198 n. 15 (1971).

Defendants argue that the Second Circuit has held that Section 501 should be read narrowly and have concluded that "it applies to fiduciary responsibility with respect to the money and property of the union and . . . is not a catch-all provision under which union officials can be sued on any ground of misconduct with which the plaintiffs choose to charge them." *Gurton v. Arons*, 339 F.2d 371, 375 (2nd Cir. 1964). The Second Circuit also had an opportunity to review its earlier decision and adhered to its narrow view that the sole function of Section 501 centers on the mishandling of union funds. *Head v. Brotherhood of Railway, Airline and Steamship Clerks, etc.*, 512 F.2d 398, 400–401 (2nd Cir. 1975).

As stated above, the Fourth Circuit has not as yet expressed a view as to the appro-

---

ing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization. . . . A general excul-

patory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by the section shall be void as against public policy.

priate interpretation of Section 501.[2] This Court then must determine which of the two views is consistent with the language as explained by the legislative history. Weighing both views carefully this Court concurs with the Eighth Circuit construction as stated in *Johnson* and *Pignotti* for the reason there set forth.

The expansive language of § 501(a) simply isn't consonant with a narrow reading of its intended protection to union members.

The thrust of this suit from the beginning has been mismanagement, secrecy, failure to disclose, failure to process grievances, and failure to conduct union affairs by union officers as a "position of trust" as required by law. That is what Section 501 by its very language is all about.

Accordingly, it is ADJUDGED and ORDERED that plaintiff's motion for leave to file an amended complaint is GRANTED. An amended complaint shall be filed by plaintiff within ten days of the entry hereof. Defendants shall file their responsive pleadings within 20 days of service.

Plaintiff's renewal of his motion for partial summary judgment will be set down for oral argument. Counsel may contact the judge's secretary for convenient dates.

Defendants' motion for a protective order pending decision on their motion for summary judgment is moot since said motion for summary judgment was this day denied. Accordingly, it is ADJUDGED and ORDERED that defendants' motion for a protective order be, and the same is hereby DENIED. It is further ORDERED that defendants respond to plaintiff's interrogatories served on 11 July 1977 within 10 days of the entry of this order.

---

**2.** Both the Ninth Circuit and the First Circuit have considered the matter and have declared it an "open question" in their respective circuits. *Carr v. Learner,* 547 F.2d 135, 137 (1st Cir. 1976); *Kerr v. Shanks,* 466 F.2d 1271, 1275 n. 2 (9th Cir. 1972.)