**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, STEAMSHIP CLERKS LOCAL 1624, AFL–CIO, and International Longshoremen's Association, Container Maintenance Refrigeration Repair Employees Local 1970, AFL–CIO, Plaintiffs,**

v.

**VIRGINIA INTERNATIONAL TERMINALS, INC., Hampton Roads Shipping Association, Ceres Marine Terminals, Inc., Sea–Land Service, Inc., Edward L. Brown, and International Longshoremen's Association, Defendants.**

**No. 2:95cv787.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 2, 1996.

Thomas F. Hennessy, III, SuAnne Leigh Hardee, Hardee & Hennessy, P.C., Chesapeake, VA, for Plaintiffs.

Thomas Michael Lucas, Mary Chapman Hamilton, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Defendants Virginia International Terminals, Inc., Hampton Roads Shipping Association, and Ceres Marine Terminals, Inc.

Larry W. Shelton, Goldblatt, Lipken & Cohn, P.C., Norfolk, VA, Thomas W. Gleason, Gleason & Matthews, New York City, for Defendant Edward L. Brown, Sr. and Defendant International Longshoremen's Association.

Thomas Michael Lucas, Mary Chapman Hamilton, Vandeventer, Black, Meredith & Martin, Norfolk, VA, Robert J. Attaway, Haight, Garner, Poor & Havens, New York City, for Defendant Sea–Land Service, Inc.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court for resolution of defendant Edward L. Brown's motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### I. Factual and Procedural History

This case involves a labor dispute between plaintiffs, Local 1624 and Local 1970, and their employers, the international union and one international union official.[1] Among the various claims asserted between the parties, the two locals have sued defendant Edward L. Brown, an international union vice president, under § 501(a) of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 501(a). The locals assert that Brown breached the duty of fair representation imposed on him by the act, by systematically excluding them from internal union approval of a proposed contract change. The contract change, which affected the implementation of flex-time scheduling at marine terminals, was approved by the union's Wage Scale Committee under allegedly improper procedures orchestrated by Brown. When plaintiffs sought review of the contract change by the Contract Board, an arbitral body charged· with resolving contract disputes, Brown allegedly misrepresented his support for their position, denying them a fair resolution of the dispute.

On August 22, 1995, defendant Brown moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). As grounds therefor, Brown first alleged that Local 1624 and Local 1970 were not proper plaintiffs in an action arising under 29 U.S.C.

§ 501, because the statute is intended to create a cause of action only for individual union members and not the union itself.[2] In addition, Brown argued that even if the court finds § 501 does create a cause of action for the union, this action must be dismissed because plaintiffs have not fulfilled the prerequisites to suit established by § 501(b). Plaintiffs' first response, filed September 5, 1995, contends that § 501(a) does provide a cause of action for the union directly, and that jurisdiction is appropriate pursuant to 28 U.S.C. § 1337. In addition, plaintiffs argued that the preconditions applicable to suits by individual union members under § 501(b) do not apply to actions brought by the union, or in the alternative that the preconditions may be complied with now, without dismissing the action.

During November, before the court ruled on the motion, Brown's local counsel sought permission to withdraw from the case, and on November 14, 1995, the court allowed the substitution of new local counsel. Brown's new attorney adopted the prior motion and filed a supplemental brief on December 6, 1995. The new brief asserted the additional arguments that § 501(a) did not provide relief for the type of conduct alleged, and that Brown did not violate any duty owed to the plaintiffs because he was acting as an arbitrator rather than a union advocate, or representative. Plaintiffs, by counsel, responded to the supplemental brief on December 21, 1995. In addition to renewing earlier arguments, plaintiffs' new brief asserts that § 501(a) does prohibit the actions alleged, and that most of Brown's alleged misconduct concerned his role as a union representative, not as an arbitrator.

For the reasons articulated below, the court finds plaintiffs are properly before the court and have stated a claim, which if proven, would be sufficient to entitle them to the relief sought. Accordingly, defendant Brown's motion to dismiss is **DENIED.**

---

1. A more complete summary of the nature of the dispute is set forth in the court's order of November 7, 1995, denying the employers' motion for summary judgment.

2. Defendant Brown also attacks perceived claims under § 301 of the LMRDA, see 29 U.S.C. § 185. However, as Plaintiffs note in their reply brief, the complaint has not alleged any claim against Defendant Brown under § 301. Pl.Resp. to Mot. to Dis. at 2, n. 2.

## II. Standard of Review

Brown's motion presents two distinct arguments. The first, under Rule 12(b)(1), attacks the court's subject matter jurisdiction by challenging plaintiffs' standing under § 501. The second argument concedes standing and attacks the sufficiency of plaintiffs' allegations under the statute. The court's analysis of each requires a different standard of review.

■ With regard to Brown's 12(b)(1) motion challenging jurisdiction, the burden is on plaintiffs, as the party asserting jurisdiction to prove that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure may attack subject matter jurisdiction in two different ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. If such is the case, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*

■ On the other hand, a Rule 12(b)(1) motion may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *see Adams,* 697 F.2d at 1219. In this case, defendant Brown's 12(b)(1) motion falls into this latter category. His jurisdictional argument is based, in part, on the alleged failure of § 501 to create a cause of action for the unions themselves and, secondarily, on Brown's contention that any possible action conferred on plaintiffs has not ripened due to their failure to comply with statutory prerequisites. The facts tending to prove these allegations by Brown are unrelated to the allegations set forth in plaintiffs' complaint. Because the trial court's jurisdiction, "its very power to hear the case," *Mortensen,* 549 F.2d at 891, is at issue in such a 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. *Adams,* 697 F.2d at 1219; *Mortensen,* 549 F.2d at 891. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen,* 549 F.2d at 891.

■ Brown's 12(b)(6) motion, on the other hand, requires the court to accept the factual allegations in the complaint and construe them in the light most favorable to the plaintiffs as the non-moving party. *E.g., Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). The claim should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff can prove no facts in support of the claims which would entitle the plaintiff to relief. *Id.; see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of "recovery is remote and unlikely." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In ruling on a 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers,* 762 F.2d 30, 31 (4th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

## III. Analysis

■ The court first addresses Brown's argument that plaintiffs are not proper plaintiffs under § 501(a), and then considers the motion to dismiss for failure to state a claim.

### A. Unions Are Proper Plaintiffs Under Section 501(a)

Section 501(a) of the LMRDA provides, in relevant part:

[T]he officers, agents, shop stewards, and other representatives of a labor organization occupy a position of trust in relation to such organization and its members as a

group. It is therefore the duty of each such person ... to refrain from dealing with such organization as an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization.

Plaintiffs claim Brown's actions violated the fiduciary duty outlined in § 501(a).

Section 501(b) then provides, in relevant part:

When any officer ... of any labor organization is alleged to have violated the duties alleged in subsection (a) of this section and the labor organization ... refuse(s) or fail(s) to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer ... in any district court of the United States.... No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown.

Courts have reached inconsistent positions on the question of whether § 501, standing alone, confers a cause of action on the union. *See generally, Guidry v. Sheet Metal Workers Pension Fund*, 493 U.S. 365, 375 n. 16, 110 S.Ct. 680, 686 n. 16, 107 L.Ed.2d 782 (1990) (dicta recognizing the division of authority). Although the Fourth Circuit has not addressed this issue, this court has reviewed the varying authorities and agrees with the interpretation followed by the district court in *Operative Plasterers & Cement Masons v. Benjamin*, 776 F.Supp. 1360, 1363 (N.D.Ind.1991) (holding union may bring suit under § 501(a)); *see also In re Johnson*, 139 B.R. 163, 172 (Bankr.E.D.Va.1992) (citing *Benjamin* and holding that "[u]nion's cause of action is clearly implied within the provisions of § 501(a)"). As the court in *Benjamin* points out, "Congress explicitly gave union members a right to sue union officers in federal court for breaches of the duties described in § 501(a) upon the fulfillment of certain conditions. The statute is silent, however, as to whether a union may bring a federal suit against a union official." 776 F.Supp. at 1363. The court further reasoned

that "[s]ection 501(b) neither allows nor forecloses suits by unions in federal court under § 501(a). Moreover, § 501(b) recognizes that § 501(a) creates a cause of action in favor of a union in that § 501(b) only authorizes a suit by an individual after the union refuses or fails to sue or obtain other appropriate relief." *Id.* at 1366. The *Benjamin* court went on to hold that federal jurisdiction—admittedly not conferred by § 501(b)—was proper under 28 U.S.C. § 1337, which vests jurisdiction in the federal courts for "any civil action or proceeding arising under any Act of Congress regulating commerce." 776 F.Supp. at 1364 (quoting 28 U.S.C. § 1337). Thus a breach of § 501(a), which imposes duties on officers of labor organizations, creates the cause of action, and § 1337 gives the federal courts jurisdiction to hear that cause of action.

This court finds the reasoning in *Benjamin* to be persuasive and likewise holds that the union itself is a proper plaintiff in a suit alleging a breach of the duties imposed by § 501(a). This interpretation is consistent with other courts which have addressed the issue. *See Teamsters, Chauffeurs, Warehousemen and Helpers, Local 764 v. Greenawalt*, 880 F.Supp. 1076, 1080–81 (M.D.Pa. 1995); *Brotherhood of Railway Clerks v. Orr*, 95 L.R.R.M. (BNA) 2701 (E.D.Tenn.1977); *Glenn v. Mason*, No. 79 Civ. 3918 (CES) (S.D.N.Y. Aug. 18, 1980). It is also consistent with inferred congressional intent from the statutory language of § 501(b). By conditioning the availability of an individual member's action on the refusal of the union to bring the action itself, Congress expressed its preference that the union, rather than the individual members, prosecute a claim under § 501(a) for breach of fiduciary duty against union officials. *See Weaver v. United Mine Workers of America*, 492 F.2d 580, 586–87 (D.C.Cir.1973) (allowing substitution of union for individual union members in § 501 action); *Greenawalt*, 880 F.Supp. at 1081 ("[T]he preconditions set forth in section 501(b) clearly anticipate a right vested in the union to bring an action on its own initiative enforcing section 501(a).").

■ Because plaintiffs' claim against Brown arises under § 501(a), the prerequi-

sites to suit, applicable to individual plaintiffs under § 501(b), do not apply to this suit by the union itself. As the court in *Benjamin* points out, § 501(b) is properly read as both creating a cause of action for individual members, and limiting federal court jurisdiction over suits by individual members. Hence, nothing in the provisions of § 501(b) affects a union's right to sue in federal court under § 501(a).[3] *Benjamin*, 776 F.Supp. at 1360. Indeed it would be absurd, as plaintiffs point out, to require the union to make a demand upon itself to sue, and to refuse that demand, before properly invoking the court's jurisdiction.

Because the court finds that plaintiffs have properly stated a claim for a breach of the duties imposed on defendant Brown by § 501(a), and jurisdiction over that claim is proper pursuant to 28 U.S.C. § 1337, Brown's motion to dismiss pursuant to Rule 12(b)(1) is **DENIED.**

## B. Section 501(a) Imposes Broad Fiduciary Duties

 Brown's supplemental brief asserted two arguments not pressed in his original submission. The first argument is that § 501(a) of the LMRDA does not proscribe the kind of general misconduct alleged by plaintiffs, but relates only to misconduct affecting the union's money or property. *See* Def.Supp. Brief at 4 (citing *Gurton v. Arons*, 339 F.2d 371 (2d Cir.1964)). There is a division of authority on this question, and the Fourth Circuit has not yet resolved the issue. However, an opinion from this court explicitly rejected the *Gurton* opinion and chose to follow the majority position permitting a § 501 action to reach a broader range of alleged misconduct. *Richardson v. National Post Office Mail Handlers*, 442 F.Supp. 193, 195 (E.D.Va.1977), *remanded without opin-*

ion, 612 F.2d 1309 (4th Cir.1979); *see also Nellis v. Air Line Pilots Ass'n*, 815 F.Supp. 1522, 1541 n. 16 (E.D.Va.1993) (assuming, without deciding, in the absence of Fourth Circuit authority, that § 501(a) imposes broad duties on union officials), *aff'd*, 15 F.3d 50 (4th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 56, 130 L.Ed.2d 14 (1994).

In *Richardson* the court considered allegations of union official misconduct similar to those alleged here. Plaintiffs sought leave to amend their complaint to add allegations that union officials violated the union constitution and failed to disclose material information to union members before scheduled votes. *Richardson*, 442 F.Supp. at 193. This court considered the conflicting interpretations of the scope of § 501(a) and concluded that "[t]he expansive language of § 501(a) simply isn't consonant with a narrow reading of its intended protection." *Id.* at 195. In granting leave to amend to add the allegations the court further wrote:

> The thrust of this suit from the beginning has been mismanagement, secrecy, failure to disclose, failure to process grievances, and failure to conduct union affairs by union officers as a "position of trust" as required by law. This is what Section 501 by its very language is all about.

*Id.* The *Richardson* decision was remanded by an unpublished opinion which left the reasoning on this point intact.[4] Moreover, the *Richardson* court's reasoning is consistent with that in the Third, Eighth, and Ninth Circuits, which have all adopted a broader interpretation of the § 501(a) duties. *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1250–51 n. 8 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); *Pignotti v. Sheet Metal Workers' Int'l Ass'n*, 477 F.2d 825, 832–35 (8th Cir.), *cert. denied*, 414

---

**3.** The court recognizes, but disagrees with, the contrary authority in the Ninth Circuit and elsewhere. *Building Material and Dump Truck Drivers Local 420 v. Traweek*, 867 F.2d 500, 506–07 (9th Cir.1989) (emphasizing the plain language of § 501(b) and holding that unions could not pursue a claim under § 501(a) because § 501(b) did not confer jurisdiction over union suits); *see International Bhd. of Boilermakers, etc. v. Freeman*, 683 F.Supp. 1190 (N.D.Ill.1988); *Local 443, Int'l Bhd. of Teamsters v. Pisano*, 753 F.Supp. 434 (D.Conn.1991); *Safe Workers' Org.*

*Chapter No. 2 v. Ballinger*, 389 F.Supp. 903 (S.D.Ohio 1974).

**4.** *Richardson v. National Post Office Mail Handlers*, 612 F.2d 1309 (4th Cir.1979) (unpublished). The Fourth Circuit ruled that a union election held during the pendency of the appeal warranted a remand for the lower court to reconsider portions of its decision not relevant here.

U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973); *Stelling v. International Bhd. of Elec. Workers,* 587 F.2d 1379, 1386–87 (9th Cir.1978), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979).

All three of these circuit court opinions rely on the legislative history of the House bill which contained the language ultimately enacted in § 501(a). The House Report accompanying that bill contained the following statement from committee members:

> We affirm that the committee bill is broader and stronger than the provisions of S. 1555 which relate to fiduciary responsibilities. S. 1555 applied the fiduciary principle to union officials only in their handling of "money or property" (see S. 1555, sec. 610), apparently leaving other questions to the common law of the several States. Although the common law covers the matter, we considered it important to write the fiduciary principle explicitly into Federal labor legislation. Accordingly the committee bill extends the fiduciary principle to *all the activities of union officials and other union agents or representatives.*

*Stelling,* 587 F.2d at 1387 (citing H.R.Rep. No. 741, 86th Cong., 1st Sess., *reprinted in* 1959 U.S.C.C.A.N., 2424, 2479–80) (emphasis added). Because the House bill, called the Elliott Bill, contained the language which became law in § 501(a), this statement is strong evidence that Congress did not intend a narrow reading of the fiduciary duty imposed by the statute. Moreover, as the Eighth Circuit pointed out in *Pignotti,* the Second Circuit's *Gurton* opinion was based on an analysis of Senate Bill 1555, the relevant language of which was replaced by the Elliott Bill. *Pignotti,* 477 F.2d at 834. Thus, the statements upon which the Second Circuit based its narrow reading of the statute related to language which was not even enacted.

The court concludes, therefore, that a proper reading of the duties imposed by

§ 501(a) encompasses much of the misconduct alleged by plaintiffs in this case. Plaintiffs' complaint charges that Brown deliberately violated the union constitution and bylaws in an attempt to engineer a favorable vote on the contract change, that he failed to process grievances on the subject, and that he misrepresented the benefits of the proposed change to persuade non-affected locals to support it. These allegations are sufficient to state a claim for breach of the duty imposed by § 501(a).

Brown next argues that even if § 501(a) does reach the conduct alleged, he may not be held liable for a breach of the duty of fair representation for his actions as a member of the arbitral Contract Board. Even conceding this point, Brown is still not entitled to a dismissal.[5] While it is true that the complaint alleges misconduct during the grievance procedure before the Contract Board, most of plaintiffs' allegations are devoted to Brown's attempts to engineer union approval of the contract change through the vote of the union's Wage Scale Committee. Plaintiffs allege that Brown violated the union constitution by failing to get written approval of the executive officers before agreeing to the change, Complaint ¶ 37; that he included non-affected locals in the Wage Scale committee vote in contravention of ILA policy, Complaint ¶ 34; that he misrepresented to these non-affected locals the availability of additional jobs to influence them to support the change, Complaint ¶ 35; that he denied plaintiffs the right to cast proxy votes, Complaint ¶ 34; and that he failed to process members' grievances regarding the contract change, Complaint ¶¶ 26, 41, 42.

Thus, even if Brown is immune for his actions as an arbitrator, his arbitral role does not insulate him from the other allegations of wrongdoing. Viewing the complaint in the light most favorable to plaintiffs, it is clear that they have alleged sufficient misconduct to entitle them to relief under the broader

---

**5.** Plaintiffs, of course, do not concede this point. They argue that the authority cited merely stands for the proposition that arbitral bodies are not proper defendants under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, as they do not fit within the definition of a "labor organization." *See Teamsters Local Un-*

*ion No. 30 v. Helms Express, Inc.,* 591 F.2d 211, 217 (3d Cir.), *cert. denied,* 444 U.S. 837, 100 S.Ct. 74, 62 L.Ed.2d 48 (1979). Because the court finds the allegations principally relate to Brown's conduct within the union, it is not necessary to decide this issue.

interpretation of § 501(a). Consequently, Brown's motion to dismiss for failure to state a claim under Rule 12(b)(6) is **DENIED.**

### IV. Conclusion

Plaintiffs, Local 1624 and Local 1970, are proper plaintiffs in this claim under § 501(a) of the Labor Management Reporting and Disclosure Act. As a union, jurisdiction of their claim is proper pursuant to 28 U.S.C. § 1337, and the procedural prerequisites to suit by a union member under § 501(b) do not apply. Accordingly, Brown's motion to dismiss under Rule 12(b)(1) is **DENIED.**

Plaintiffs also alleged sufficient misconduct on the part of Brown, in his role as vice president of the international union, to state a claim for breach of the duty of fair representation imposed by § 501(a), under the majority view adopted by this court. Brown's motion to dismiss for failure to state a claim under Rule 12(b)(6) is also **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is so **ORDERED.**