INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Container Maintenance Refrigeration Repair Employees Local 1970, AFL–CIO, Plaintiffs,

v.

VIRGINIA INTERNATIONAL TERMINALS, INC., Hampton Roads Shipping Association, Ceres Marine Terminals, Inc., and Edward L. Brown, Sr., Defendants.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Steamship Clerks Local 1624, AFL–CIO, Plaintiffs,

v.

HAMPTON ROADS SHIPPING ASSOCIATION, and Edward L. Brown, Sr., Defendants.

Nos. 2:95cv956, 2:95cv996.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 13, 1996.

**336**

Thomas F. Hennessy, III, SuAnne L. Hardee, Hardee & Hennessy, P.C., Chesapeake, VA, for Plaintiffs.

Thomas M. Lucas, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Defendants Virginia International Terminals, Inc., Hampton Roads Shipping Association, and Ceres Marine Terminals, Inc.

Larry W. Shelton, Goldblatt, Lipken & Cohn, P.C., Norfolk, VA, Kevin Marrinan, Gleason & Matthews, New York City, for Defendant Edward L. Brown, Sr.

### MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

These two cases are before the court for resolution of motions for summary judgment submitted by defendants, Virginia International Terminals, Inc. ("VIT"), Hampton Roads Shipping Association ("HRSA"), and Ceres Marine Terminals, Inc. ("Ceres") (collectively the "Employer Defendants"). For the reasons which follow, the motions are **DENIED**.

### I. Factual and Procedural History

Both of these cases involve an ongoing labor dispute between plaintiffs, Local 1624 and Local 1970 of the International Longshoremen's Association ("ILA"), their employers, and one international union official.[1] Here, Local 1624 and Local 1970 are aggrieved by the allegedly improper procedure by which the ILA adopted an apprentice program. The apprentice program altered the terms of the Locals' collective bargaining agreements ("CBAs") by permitting employers to pay lower wages and by denying holiday pay to union members with relatively few years on the job, ostensibly as a result of their need for training. Both Local 1624 and Local 1970 object to the manner in which the new program was adopted, and both claim injury to their members as a result of its implementation. This time, the Locals sued separately. Local 1624 brought its claims against ILA International Vice President Edward L. Brown, and the Hampton Roads Shipping Association ("HRSA") (case no. 2:95cv996). Local 1970 sued Brown, the HRSA and two employers, Ceres Marine Terminals Inc. ("Ceres") and Virginia International Terminals ("VIT") (case no. 2:95cv956).

Among the various claims asserted, Local 1624 sued HRSA, and Local 1970 sued all three Employer Defendants, under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The Locals assert that the Employer Defendants breached sections of each Locals' Collective Bargaining Agreement (CBA) by implementing the apprentice programs, thus improperly consenting to changes in the CBAs. As will be discussed in more detail, the Locals' claim constitutes a hybrid § 301 / fair representation action. In such a suit, the claim against an employer for breach of a CBA stems from a breach of the duty of fair representation owed to the plaintiff by the union or union official.

In a recent Memorandum Opinion and Order the Court addressed aspects of the Locals' claim against Brown, brought under § 501(a) of the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 501(a).[2] The Locals asserted that Brown breached the fiduciary duty imposed on him by the LMRDA, when he approved the ap-

---

1. The parties have been before the court with nearly identical claims four times in the past year. In addition to the present actions, *see, International Longshoremen's Ass'n, Steamship Clerks Local 1624 AFL–CIO v. Virginia Int'l Terminals,* 914 F.Supp. 1335 (E.D.Va.1996) (denying motion to dismiss); *International Longshoremen's Ass'n, Steamship Clerks Local 1624 AFL– CIO v. Virginia Int'l Terminals, Inc.,* No.

2:95cv274, 1995 WL 902670 (E.D.Va. May 22, 1995) (unpublished order dismissing a similar suit as untimely).

2. *International Longshoremen's Ass'n, Container Maintenance Refrigeration Repair Employees Local 1970 v. Virginia Int'l Terminals, Inc.,* 928 F.Supp. 655 (E.D.Va.1996) (also referred to herein as "the Court's Order of June 4, 1996").

prentice program in violation of the procedures outlined in the international union's constitution.

Both Locals alleged similar conduct on the part of Brown. Principally, they contended that he failed to obtain the written approval of international union officers before endorsing the apprentice program, and that he failed to conduct a proper vote of the aggregate membership of the covered locals. These actions by Brown were alleged to violate Article 23 of the ILA Constitution. In the case of Local 1970, Brown was also alleged to have deliberately misled the Local about its members' participation in the program, and refused to process grievances concerning the matter. All of this conduct was alleged to violate the fiduciary duty imposed on Brown, as an international union officer, by section 501(a) of the LMRDA.

On June 4, 1996, this Court granted Brown's motions for summary judgment in both cases. The Court found that Plaintiffs were required to exhaust their internal union remedies against Brown before bringing their statutory claim under § 501(a) of LMRDA. The Court further found that neither Local had adequately pursued internal remedies prior to bringing these actions. Judgment was entered June 5, 1996, on the Court's Order of June 4, 1996.

On June 21, 1996, the Employer Defendants in the instant action moved for summary judgment. The Defendants note that an essential element of a hybrid § 301 suit against an employer is a viable claim against a union for a breach of its duty of fair representation. They allege that, because the claim against the union is an indispensable predicate for the § 301 employer action, the Court's dismissal of Brown mandates a dismissal of the Employer Defendants as well. The Locals filed their response on July 15, 1996, and the Employer Defendants filed a reply on July 19, 1996. For the reasons set forth below, the Court now **DENIES** Defendants' Motions for Summary Judgment.

## II. *Summary Judgment Standard of Review*

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir.1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex Corp.,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. Such facts must be presented in the form of exhibits and sworn affidavits. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

## III. *Analysis*

The Employer Defendants' Motion for Summary Judgment is the latest in a series of motions presented to this Court and in another case involving the same parties. In that earlier case, Local 1970 and Local 1624 jointly sued Brown, the ILA and the various employers because of their allegedly improper implementation of a flex-time modification to the Locals' CBAs. *See International Longshoremen's Ass'n, Steamship Clerks Local 1624 v. Virginia Int'l Terminals,* 914 F.Supp. 1335 (E.D.Va.1996) (hereinafter the "flex-time" case).

■ At issue in this case is whether the Locals' hybrid § 301/fair representation claim against the Employer Defendants can go forward when a related claim against Brown was dismissed without prejudice for failure to exhaust internal union remedies. As will be more fully developed below, this Court now rules that the Locals' § 301 claim

against the Employer Defendants can continue, because Brown is not a necessary party to the § 301 suit against the Employer Defendants, the earlier dismissal of Brown was not on the merits, and because the Employer Defendants present no other evidence suggesting that the Locals will be unable to prove a breach of the duty of fair representation.

■ Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, provides for suits for violation of collective bargaining agreements between unions and employers without regard to the amount in controversy. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 561, 96 S.Ct. 1048, 1054–55, 47 L.Ed.2d 231 (1976). The broad sweep of § 301 "contemplates suits by and against individual employees as well as between unions and employers." *Id.* at 562, 96 S.Ct. at 1055.

■ One type of action that can be brought under § 301 is the "hybrid" § 301/ fair representation claim. This single suit formally consists of two separate causes of action. *Reed v. United Transportation Union,* 488 U.S. 319, 328, 109 S.Ct. 621, 627, 102 L.Ed.2d 665 (1989); *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 164, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983). In the first, the plaintiff alleges that the employer has violated § 301 by breaching the collective bargaining agreement. In the second, the plaintiff asserts that the union breached its duty of fair representation. *Reed,* 488 U.S. at 328, 109 S.Ct. at 627; *DelCostello,* 462 U.S. at 164, 103 S.Ct. at 2290–91.

■ Although the plaintiff who asserts such a claim must be able to show a breach of the duty of fair representation by the union, the union itself need not actually be a party to the suit between the plaintiff and the plaintiff's employer. The Supreme Court has stated repeatedly that the § 301 plaintiff need not sue both parties. The plaintiff "may, if he chooses, sue one defendant and not the other." *DelCostello,* 462 U.S. at 165, 103 S.Ct. at 2291. *See also United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1563–64, 67 L.Ed.2d 732 (1981)

(noting that the plaintiff might prevail against either the company or the union); *Hines,* 424 U.S. at 562, 96 S.Ct. at 1055 (observing that the § 301 plaintiff can choose to sue either the employer or the union); *Vaca v. Sipes,* 386 U.S. 171, 187, 87 S.Ct. 903, 915, 17 L.Ed.2d 842 (1967) ("insofar as adjudication of the union's breach of duty is concerned, the result should be no different if the [plaintiff] sues the employer and the union in separate actions").

■ The key factor in a hybrid § 301 suit is not who the plaintiff chooses to sue, or which parties appear before the court, but rather what the plaintiff must prove in order to recover. The plaintiff's burden remains constant, whether suit is brought against the employer, the union, or both. *See DelCostello,* 462 U.S. at 165, 103 S.Ct. at 2291 ("the case [plaintiff] must prove is the same whether he sues one, the other, or both"). Although the plaintiff can sue only the employer, in order to show a breach by the employer of the collective bargaining agreement in a hybrid § 301 suit, he must nevertheless "also carry the burden of demonstrating breach of duty by the Union." *Mitchell,* 451 U.S. at 62, 101 S.Ct. at 1564. *See DelCostello,* 462 U.S. at 165, 103 S.Ct. at 2291; *Hines,* 424 U.S. at 570, 96 S.Ct. at 1059. The two causes of action have been characterized as "inextricably interdependent" such that an "indispensable predicate" of a § 301 action in a hybrid case against an employer is a meritorious fair representation claim against the union. *Mitchell,* 451 U.S. at 62, 101 S.Ct. at 1563–64. Thus, because the plaintiff's claim against the employer stems from a breach of the duty of fair representation owed by the union, the inability of the plaintiff to prove a breach by the union requires the dismissal of both claims.

The Employer Defendants, in their motions for summary judgment, characterize this Court's earlier dismissal of Brown as "on the merits," and argue that the Locals' claims against them must necessarily fail as well. Defendants note that the basis of the Locals' suit against them stems from their decision to implement the Apprentice Program pursuant to an agreement with Brown, the Locals' representative from the ILA.

The gravamen of the Locals' complaint lies in the allegations that Brown acted wrongfully by failing to properly and in good faith represent the interests of the Locals in the contract negotiations with the Employer Defendants. Defendants point to the interdependent nature of a hybrid § 301 claim and, construing Brown's dismissal as "on the merits," imply that the Locals will now be unable to meet their burden of proof against the Employer Defendants. They urge that, because the "indispensable predicate" for this claim is no longer present, the Locals' claim against them must also be dismissed.

The Locals respond by stressing that the union is not a necessary party to their suit against the Employer Defendants. Implicitly recognizing that Defendants, as the moving parties, have the burden of showing that no material issues exist which need to be resolved at trial, the Locals simply point out that Defendants have failed to articulate precisely how the dismissal of Brown mandates a dismissal of them as well.

This Court agrees that the Employer Defendants have failed to meet their burden as the moving party. The Court observes that Defendants have mischaracterized the nature of Brown's dismissal. The dismissal was not "on the merits," as Defendants insist, but rather a dismissal without prejudice, pending the exhaustion of internal union remedies by the Locals. See *International Longshoremen's Ass'n, Container Maintenance Refrigeration Repair Employees Local 1970 v. Virginia International Terminals, Inc.,* (E.D.Va.1996). The Court's Order did not address any of the ultimate issues of this case, as the Employer Defendants' characterization implies.

Rather, the Court dismissed the case against Brown, which was brought under § 501 of LMRDA, merely because the Locals had failed to exhaust the ILA's "reasonable hearing procedures" as required by 29 U.S.C. § 411(a)(4). *International Longshoremen's Ass'n, Container Maintenance Refrigeration Repair Employees Local 1970 v. Virginia Int'l Terminals, Inc.,* 928 F.Supp. 655, 662 (E.D.Va.1996). The Order certainly did not dismiss Brown upon a finding that the Locals were unable sufficiently to allege a breach of the union's duty of fair representation, as the Employer Defendants' position suggests. Moreover, there are no affidavits from the Employer Defendants which dispute the Locals' attested allegations of misconduct by Brown.

In order to prevail on a motion for summary judgment, the moving party must show that no genuine issues of material fact exist which must be proved at trial. In a hybrid § 301 case, a Plaintiff has a viable claim against an employer if he can show breach of a duty owed by a union. Thus, in this case, the Locals can recover so long as a claim against Brown for breach of his duty of fair representation, and not Brown himself, is present. Because Brown's dismissal was not on the merits, in that the Court did not find that the Locals would be unable to establish a claim against him once they exhausted their internal union appeals, and because Defendants present no other evidence to the contrary, the Employer Defendants have failed to carry their burden by showing that the Locals' claim is legally insufficient. As a result, the Motions for Summary Judgment are DENIED.

Although it denies the Motions for Summary Judgment, the Court recognizes the inconvenience that could arise as a result of having two related causes of action moving forward on different schedules, and the confusion that might occur by having the Court and the ILA simultaneously ruling on the propriety of Brown's actions. For these reasons, the Court will STAY Plaintiffs' actions against the Employer Defendants until such time as the Locals exhaust their internal remedies, as required by the Court's Order of June 4, 1996.

It is so **ORDERED.**