Robert D. DAVIS, Jr., Plaintiff,

v.

S. Mason COLE, Jr., et al., Defendants.

No. CIV. A. 3:97CV586.

United States District Court,
E.D. Virginia,
Richmond Division.

March 20, 1998.

**810**

Michael Paul Falzone, Chandra Dore Lantz, Anne Stuart Hayes, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, VA, for plaintiff.

Douglas Pendleton Rucker, Jr., John P. Woods, Sands, Anderson, Marks & Miller, Richmond, VA, for Defendants S. Mason Cole, Jr., Lula P. Cole, West Side Hall, Inc.

Murray Hardison Wright, Mark Campbell Shuford, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for Defendant A. Wayne Saunders.

Paul Childress, Jr., Thompson, Smithers, Newman & Wade, Richmond, VA, for Defendant Ammon G. Dunton, Jr.

Albert Davis Bugg, Jr., Rumsey & Bugg, Irvington, VA, for Defendants David Lustig, Ginger Wilkin.

### MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on defendants' motions to dismiss. For the reasons stated below, the motion is GRANTED and Counts I and II of the plaintiff's complaint are dismissed with prejudice as to all defendants. The Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state counts listed in the complaint and those counts are dismissed without prejudice.

### FACTUAL BACKGROUND

According to plaintiff's complaint, in June 1996 S. Mason Cole and Lula Cole ("the Coles") approached Robert D. Davis, Jr. ("Davis"), who owns and operates a catering business in Northumberland County, about forming a corporation to own and operate a banquet and meeting hall in Callao, Virginia. The Coles and Davis allegedly agreed that the stock of the corporation would be owned fifty percent by the Coles and fifty percent by Davis. In exchange for Davis' fifty percent ownership interest, the Coles and Davis agreed that Davis would contribute approximately eight acres of land along Route 360 in Northumberland County to the corporation, and that in exchange for the Coles' fifty percent ownership interest, the Coles would contribute a banquet and meeting hall to be constructed at the Coles' sole expense on the property. The Coles and Davis also agreed that the property and the building would be contributed to the corporation unencumbered by debt. West Side Hall was incorporated on or about July 15, 1996. The initial board of directors consisted of the following: Mason Cole (President), Davis (Vice–President),

Michael Mahanes (Secretary), and Lula Cole (Treasurer).

Davis alleges that Coles, with A. Wayne Saunders ("Saunders") and Ammon G. Dunton, Jr. ("Dunton"), willfully embarked upon a scheme to intentionally defraud and deceive Davis into conveying the property to West Side Hall for $12,000 in West Side stock. On December 9, 1996, an organizational meeting was held with the Coles, Saunders and Dunton present. According to the minutes attached to the complaint, the Board of Directors unanimously agreed to accept the offer to issue 2,000 shares of stock in exchange for a conveyance of an eight acre parcel of Davis' land valued at $12,000. In addition, the Board voted that S. Mason Coles would purchase 1,500 shares of stock for $9,000 and Lula Cole would purchase 1,500 shares of stock for $9,000.

On January 6, 1997 a special meeting of the Board was held. Present were the Coles, Dunton, and Davis. According to the minutes of the meeting, attached as an exhibit to the complaint, Davis executed a deed for the eight acres of land previously referenced. In exchange for the land, Dunton was directed to prepare a stock certificate for 2,000 shares of stock of the corporation to be issued to Davis, who agreed that the stock had a value of $12,000 and would be accepted when tendered. In his complaint, plaintiff characterizes this event as, "At the January 6, 1997 meeting, Davis was coerced into executing a deed and conveying the property to West Side Hall in exchange for 2,000 shares of West Side Hall stock valued at $12,000." Thereafter, Davis and Michael Mahanes ("Mahanes") were elected directors of the corporation. The Board agreed that the corporation would authorize a $138,000 first mortgage note payable to the Coles, and a first mortgage deed of trust against the property. The note was to pay for the building to be constructed on the property sold by Davis to the corporation. Additionally, West Side Hall was authorized to execute a $50,000 credit line deed in favor of the Coles and a second mortgage deed of trust against the property. According to the minutes, the credit line note was intended to pay for additional costs and working capital associat-ed with the building. Dunton was asked to continue to serve as general counsel to the corporation.

According to the complaint, when Davis executed the Deed he was unaware that he was receiving forty percent of the stock in exchange for the property and that the Coles were not contributing the cost of constructing the building in exchange for their receiving sixty percent of the stock. In addition, Davis alleges that he was unaware that the property had been valued at only $12,000, and the property had been pledged as security for the First Mortgage Note and Credit Line Note. Rather, Davis alleges that he continued to believe that the corporation had been structured in accordance with his unwritten agreement with the Coles.

On April 11, 1997, a special meeting of the Board was held where the Coles, Saunders, Davis and Mahanes were present. The minutes of that meeting reflect a disagreement over the use of the catering hall erected by the corporation. Davis and Mahanes were dismissed by the Board. Dunton stated that he had reviewed all of the documents concerning the conveyance of the property with Davis before Davis signed them and that Davis appeared to understand the documents and made no objection at the time.

*LEGAL ANALYSIS*

This court has jurisdiction over the matter in dispute in this case based on two federal counts in the eleven count complaint. Count One alleges that the Coles, Saunders and Dunton violated § 10(b) of the Securities Exchange Act of 1934. Rule 10b–5, 17 C.F.R. 24–.10b.5, promulgated under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, makes it "unlawful for any person, directly or indirectly, by use of any means or instrumentality of interstate commerce . . . [t]o employ or devise, scheme, or artifice to defraud, (b) [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or (c) [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the pur-

chase or sale of any security." Count Two of the complaint alleges that Saunders and Dunton violated § 20(a) of the Securities Exchange Act of 1934, which provides that "[e]very person who, directly or indirectly, controls any person liable under any provision of [the 1934 Act] or any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or act constituting the violation of cause of action." The nine remaining counts in the complaint are state claims for which the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

■ The Court must initially determine the appropriate weight to be given the documents attached to plaintiff's complaint as exhibits, including the minutes to the three meetings held by the Board of West Side Hall. Under Rule 10(c) of the Federal Rules of Civil Procedure, documents which a plaintiff attaches as exhibits to his complaint are considered part of it. Nowhere in the complaint does the plaintiff allege that the exhibits have been altered or that they misrepresent the events that transpired at the meetings. To the contrary, the plaintiff repeatedly references the attached exhibits to support the assertions of fact in the complaint. Where there is a conflict between the bare allegations of a complaint and any exhibit attached pursuant to Rule 10(c), the exhibit prevails. *Fayetteville Investors v. Commercial Builders*, 936 F.2d 1462, 1465 (4th Cir.1991); *see also Scott v. Performance Contractors, Inc.*, 166 F.R.D. 372, 374 (M.D.La.1996) aff'd. 95 F.3d 55 (5th Cir. 1996). Consistent with these holdings, the Court will examine a 12(b)(6) motion in light of the facts alleged in the complaint and the exhibits attached, deferring to the exhibits where there is a conflict.

*1. Saunders*

■ Davis alleges that Saunders made certain misrepresentations or omissions to Davis in connection with the conveyance of the property, in violation of Rule 10b–5. According to the complaint, Davis conveyed his property to the company on January 6, 1997, during the course of a meeting of the board of directors for the company. Saunders, however, was not present at the January 6, meeting. Therefore, any actions or omissions committed by him must have been done prior to the meeting.

Davis alleges that Saunders knew at the time of the December 9, 1996 meeting that the property to be purchased from Davis by the company was worth substantially more than $12,000 and that the issuance of stock in the company contravened an earlier agreement between Coles and Davis where Davis was to receive a 50% ownership. However, in paragraph 24 of Davis' complaint, he states that when he executed the deed, he was unaware he was receiving 40% of the stock of the company in exchange for the property, that the Coles were not contributing the cost of constructing the building in exchange for their receiving 60% of the stock, that the property had been valued at only $12,000, and that the property had been pledged as security for the First Mortgage Note and Credit Line Note.

■ To establish liability under Rule 10b–5, a plaintiff must allege and prove the following elements: (1) that in connection with the purchase or sale of a security the defendant made a false statement or omission of material fact; (2) with scienter; (3) upon which the plaintiff justifiably relied; and (4) that proximately caused plaintiff's damages. *Gasner v. Board of Supervisors of County of Dinwiddie, Va.*, 103 F.3d 351, 356 (4th Cir. 1996). In this case, Davis has alleged, instead, that he was unaware of any of the conduct that he alleges Saunders engaged in, or the result of any such conduct, prior to conveying plaintiff's property to the company in exchange for stock. The plaintiff has failed to allege facts sufficient to show that any misrepresentation or omission on the part of Saunders proximately caused any damage to the plaintiff. Therefore, Count I of the complaint as it applies to Saunders is dismissed.

■ In Count II Davis alleges that Saunders violated Section 20(a) of the Securities

Exchange Act of 1934 because Saunders exercised control over the Coles and West Side Hall in order to defraud Davis and as a direct and proximate result, Davis suffered and will continue to suffer damage. To prove this claim at trial Davis would have to demonstrate that Saunders possessed, either directly or indirectly, the power to direct or cause the direction of the management and policies of West Side Hall that resulted in the fraud. *American General Insurance Company v. Equitable General Corp.*, 493 F.Supp. 721, 751 (E.D.Va.1980). Further, the plaintiff must also allege and prove Saunders' culpable conduct. *Walker v. Cardinal Sav. And Loan Ass'n*, 690 F.Supp. 494, 500 (E.D.Va.1988). Davis has not alleged any facts concerning Saunders' control of corporate decisions other than Saunders' status as an outside director. In fact, Davis does not allege in the complaint that he was even aware on January 6, 1997 that Saunders was a director of West Side Hall, or that he ever met Saunders as of that date. As a matter of law, Davis has not alleged facts sufficient to demonstrate power to control or influence a particular transaction giving rise to a securities violation. *Id.* Therefore, Count II of the plaintiff's complaint is dismissed as to defendant Saunders.

2. *West Side Hall, Inc., S. Mason Cole, Jr., Lula P. Cole, and Ammon G. Dunton, Jr*[1].

■ West Side Hall and the Coles argue that the Court should dismiss Count I of the complaint because the facts elicited from the documents attached establish that there has been no violation of the security laws.[2] As stated previously, a copy of the minutes from the January 6, 1997 meeting were attached to the plaintiff's complaint and are considered assertions of fact for purposes of a 12(b)(6) motion. At the January 6, 1997 meeting Davis agreed to exchange his property, which he acknowledged was worth $12,000,

for 2,000 shares of stock in the corporation's stock. He agreed to, and voted on, all of the actions undertaken by the corporation's board of directors, including the encumbrance of his property, and was made a member of the corporation's board. There is no indication from the minutes, nor can it be inferred from anything in the minutes, that Davis was coerced into the transaction. Furthermore, the minutes from the April 11, 1997 meeting set forth that Davis knew that he owned forty percent of the stock of the corporation, and there is no indication whatsoever that he regarded his percentage to be a product of misrepresentation. The facts in the minutes, particularly from the April 11, 1997 meeting indicate that the dispute between the parties was not over the distribution of stock, but over the utilization of the corporate facility and whether Davis would have exclusive catering rights.

■ Plaintiff attempts to assert in his Memorandum in Opposition to Defendant's Motion to Dismiss dated January 16, 1998, that the exhibits attached to his complaint are in several respects untrue. *See Plaintiff's Memorandum* p. 10. The court may not consider additional allegations when ruling on a motion to dismiss and must consider the facts asserted in the complaint, and the attached exhibits, to be true. *Henthorn v. Dept. of the Navy*, 29 F.3d 682, 688 (D.C.Cir. 1994); *See also International Longshoremen's Assoc., Local 1624 v. Virginia International Terminals, Inc.*, 914 F.Supp. 1335, 1338 (E.D.Va.1996). Taken as true, the facts set forth in the complaint do not state a claim upon which relief can be granted. Accordingly, Count I is dismissed as to all defendants.

■ Davis has presented no facts in his complaint establishing that Dunton was a controlling person under the provisions of § 20 of the Securities Exchange Act. In or-

---

1. Mr. Dunton, counsel for West Side Hall, has moved this court for summary judgment. The Court will view his motion, instead, as a motion to dismiss and consider it in concert with the other motions to dismiss.

2. Defendants also argue that plaintiff has failed to satisfy the heightened pleading requirements

of Rule 9(b) of the *Federal Rules of Civil Procedure.* This Court does not reach this issue because it has determined that the facts set forth in the complaint and the attached exhibits establish that there is no claim stated upon which relief can be granted.

der to establish liability as a controlling person, the plaintiff must establish the existence of a relationship between Dunton and the persons whom it is alleged he has controlled; the Coles and West Side Hall. *Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1310 (E.D.Va.1981). Davis has failed entirely to so do. Count II is thereby dismissed as to defendant Dunton.

### State Claims

The Court will dismiss Count I and Count II of the plaintiff's complaint. Although the Court may at its discretion retain jurisdiction over the nine remaining state claims under 28 U.S.C. § 1367(a), it declines to do so. The remaining counts in the complaint are not of federal concern and will not be addressed by this Court. Accordingly, Count III through Count XI are dismissed without prejudice.

### Conclusion

For the reasons stated above, Count I and Count II are DISMISSED WITH PREJUDICE as to all defendants and Count III through Count XI are DISMISSED WITHOUT PREJUDICE as to all defendants.

